TONY PALADINETTI, Plaintiff, v. OAK LANE MANOR, INC., a corporation of the State of Delaware, owner or reputed owner, BERNARD WEINBERG and HARRY RUBENSTEIN, trading as Atlantic Engineering & Construction Company, Contractor, and JAMES L. STUBBS and GEORGE T. DICKERSON, trading as Eastern Shore Masonry Company, sub-contractor, Defendants.

(*July* 26, 1955.)

HERRMANN, J., sitting.

*Nathan P. Michlin* for the plaintiff.

*Harry Rubenstein* and *Howard M. Handelman* for the defendant, Oak Lane Manor, Inc.

Superior Court for New Castle County, No. 51, Civil Action, 1955.

HERRMANN, J.:

The plaintiff was a masonry sub-contractor who furnished labor for the construction of the foundation walls of six houses being erected in a residential development. Within ninety days after the completion of his labor on the last of the six houses on which he worked, but more than ninety days after completion of his labor on the first five houses on which he worked, the plaintiff filed a statement of claim for mechanic's lien on all six houses. The six houses are located on separate lots in the development and none of the lots are contiguous. The plaintiff did not contract directly with the owner or the general contractor and he furnished no materials. These facts appear on the face of the statement of claim and the bill of particulars attached thereto.

The defendant-owner moved to dismiss the action as to the five structures on which the plaintiff first worked on the ground that the statement of claim was not filed within the statutory ninety days after the plaintiff's work on those houses was completed. The plaintiff contends that he was not required to bring an action for a mechanic's lien on each house within ninety days after the completion of his work on that particular house. He asserts that, under the circumstances of this case, he may file his statement of claim for a lien on all six houses within ninety days after completion of his labor on the last house on which he worked.

The governing Statute is 25 *Del. C.* § 2711 which provides:

"(a) A contractor who (1) has made his contract directly with the owner or reputed owner of any structure; and (2) has furnished both labor and material in and for such structure, shall file no statement of claim until after the expiration of 90 days from the completion of such structure contracted for by him; but such contractor, in order to avail himself of the benefits of this subchapter, shall file his statement of claim within 30 days after the expiration of the 90-day period.

"(b) All other persons embraced within the provisions of this chapter and entitled to avail themselves of the liens herein provided for shall file a statement of their respective claims, within 90 days from the completion of the labor performed or from the last delivery of materials furnished by them respectively."

The plaintiff's time for filing a statement of claim was limited by sub-section (b) above because he neither contracted directly with the owner nor did he supply both labor and material.

The question presented for decision is this: Does the phrase "90 days from the completion of the labor performed", as used in § 2711(b), refer to the time of completion of labor on the particular structure on which a lien is sought or may it be construed to refer to the time of completion of labor on the last of several structures on which liens are sought?

I am of the opinion that the answer to this question is made plainly manifest by an analysis of the Mechanics' Lien Statute in its entirety. See 25 *Del. C.* §§ 2701-2723. It is quite clear, I think, that the time sequences and priorities of lien rights, so meticulously created and so delicately balanced by the Statute, would become chaotic and entirely meaningless if a sub-contractor of a sub-contractor might delay the filing of his claim for a lien on a certain structure until ninety days after the completion of his work upon an entirely unrelated structure months or per-

haps years later. Due protection for owners and due notice to purchasers demand that there be a well-defined period of limitations beyond which mechanics' liens may not be claimed. The construction urged by the plaintiff is unreasonable in that respect.

The plaintiff relies upon § 2713 of our Mechanics' Lien Statute which provides as follows:

"In every case in which one claim for labor or materials is filed by the same person against two or more structures owned by the same person, for building, altering or repairing two or more structures owned by the same person, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such structures."

The plaintiff contends that § 2713 obviates any suggestion that a sub-contractor must perfect his claim against each separate structure in a housing development; he urges that § 2713 gives rise to a "modified unitary" type of lien which is available in the case of an "integrated" building development such as is here involved.

■■ I am of the opinion that our Mechanics' Lien Statute creates the right to individual liens upon individual structures and that § 2713 was intended to be nothing more than a procedural device to permit the filing of a joint claim where the time elements involved permitted a combination of claims in one statement of claim. This provision of our Statute was originally enacted in 1869, 13 Del. Laws, Ch. 464, long before modern rules of practice were known and long before the modern building development, integrated or otherwise, was visualized by legislators or builders. I am convinced that the ancient provision of our Law, now known as § 2713, did not create any type of unitary lien such as is here claimed by the plaintiff. As was stated by the Supreme Court, in *Warner Co. v. Leedom Construction Co.*, 1953, 9 *Terry* 58, 97 *A.* 2d 884, 889 (1953):

"* * * we must take the statute as we find it and refrain from attempting, by judicial construction, to read into it a

theory of recovery at variance with the statute itself. The plain fact is that the Delaware mechanics' lien law is not adapted to deal with the problems arising out of the furnishing of materials and labor to a continuous residential building development. Legislation would seem to be called for; but the courts cannot supply it."

It is held that § 2713 of the Mechanics' Lien Statute does not affect the time requirements of § 2711 as to each particular structure against which a lien is sought. Accordingly, the action must be dismissed as to the five houses on which the plaintiff completed work more than ninety days before the filing of his statement of claim.