CARROLL POOLE, Trustee in bankruptcy of Capitol Block & Supply Co., Inc., a corporation of the State of Delaware, Plaintiff, v. OAK LANE MANOR, INC., a corporation of the State of Delaware, owner or reputed owner, BERNARD WEINBERG and HARRY RUBENSTEIN, trading as Atlantic Engineering & Construction Co., contractor, and HARVEY W. BENTLY, Trustee in bankruptcy of the partnership known as Eastern Shore Masonry Company, sub-contractor, Defendants.

(*December* 19, 1955.)

HERRMANN, J., sitting.

*Joseph D. Craven, Joseph P. Hurley* and *C. Waggaman Berl, Jr.,* for the plaintiff.

*Harry Rubenstein* and *Howard M. Handelman* for the defendant, Oak Lane Manor, Inc.

Superior Court for New Castle County, No. 1166, Civil Action, 1954.

HERRMANN, J.:

The plaintiff,[1] a retail distributor of masonry supplies, filed a statement of claim for mechanics' liens against forty-eight houses in a residential building development. On various dates between June 16, 1954 and October 5, 1954, the plaintiff delivered materials for all forty-eight houses, either at various lot locations in the development or for stockpile at the site. On December 31, 1954, the plaintiff filed its statement of claim in this cause setting forth the dates of the first and last deliveries to the development. The statement of claim does not contain the dates when the furnishing of materials was commenced and finished as to each of the forty-eight houses on which a lien is claimed.

The defendant-owner contends that it is entitled to judgment as a matter of law because the plaintiff has failed to set forth the date on which the furnishing of materials was commenced and finished as to each structure against which a lien is sought. The plaintiff contends that our Mechanics' Lien Statute gives it the right to a lien against each of the forty-eight houses, notwithstanding the fact that it has not stated and cannot state the dates of commencement and completion of the furnishing of materials as to each house against which a lien is sought.

The Statute, 25 *Del. C.* § 2712(b) (5) and (6), requires that the statement of claim in a procedure for a mechanic's lien shall set forth the "time when the doing of the labor or the furnishing of the materials was commenced" and the "time when the

---

[1] The bankrupt corporation will be referred to herein as the plaintiff.

doing of the labor or the furnishing of the materials was finished".

I am of the opinion that the averment of these dates is an essential prescribed by the Statute for the creation of any mechanic's lien and that a lien on a particular house may not be acquired under our Statute unless the statement of claim sets forth the dates of commencement and completion of the furnishing of labor or material for that particular house. I have concluded that the words "as to each structure against which a lien is sought" are contained in 25 *Del. C.* § 2712(b) (5) and (6) by necessary implication. There are at least two important reasons for this conclusion.

Under the provisions of 25 *Del. C.* § 2718(a), the judgment in a mechanic's lien proceeding is a lien upon the structure which relates "back to the day upon which the labor was begun, or the furnishing of material was commenced". Unless the plaintiff sets forth the date of the commencement of the performance of the labor or the furnishing of materials as to each structure upon which a lien is sought, the proceedings lack the essential starting point from which a judgment will run as to that structure. Established business and legal practices as to the priorities of liens will not permit that a judgment lien on a house shall relate back to a date which is indeterminate as to that particular property.

Secondly, since the plaintiff neither contracted directly with the owner nor furnished both labor and materials, it was obliged to file its claim for a lien upon any structure within ninety days after the last delivery of materials for that particular structure. *Paladinetti v. Oak Lane Manor, Inc.,* 10 *Terry* 324, 116 *A.* 2d 173. Unless the plaintiff is able to specify the date of the last delivery of materials for each structure, there is no way for the Court to ascertain whether or not the claim for a lien on that structure has been filed within the statutory period of limitations.

It is recognized that the requirements of our Mechanics' Lien Statute may create an undue hardship for those furnishing

materials to a modern residential building development. At times, as in the instant case, it may be difficult or impossible to keep records of materials furnished for each separate structure in the development. Legislative action is indicated. Our Supreme Court recognized the problem in *Warner Co. v. Leedom Construction Co.*, 9 *Terry* 58, 97 *A.* 2d 884, 889, where it was stated:

"* * * we must take the statute as we find it and refrain from attempting, by judicial construction, to read into it a theory of recovery at variance with the statute itself. The plain fact is that the Delaware mechanics' lien law is not adapted to deal with the problems arising out of the furnishing of materials and labor to a continuous residential building development. Legislation would seem to be called for; but the courts cannot supply it."

The plaintiff's position is based principally upon 25 *Del. C.* § 2713 which permits a joint claim against two or more structures owned by the same owner.[2] The plaintiff contends that § 2713 permits a "unitary" type of lien. This concept has been rejected by this Court. As was stated in the *Paladinetti* case, *supra* [116 *A.* 2d 174]:

"* * * our Mechanics' Lien Statute creates the right to individual liens upon individual structures and * * * § 2713 was intended to be nothing more than a procedural device to permit the filing of a joint claim where the time elements involved permitted a combination of claims in one statement of claim. This provision of our Statute was originally enacted in 1869, 13 *Del. Laws,* Ch. 464, long before modern rules of practice were known and long before the modern building development, integrated or otherwise, was visualized by legislators or builders. * * *"

---

[2] 25 *Del. C.* § 2713 provides as follows:

"§ 2713. Claims against two or more structures owned by same person.

"In every case in which one claim for labor or materials is filed by the same person against two or more structures owned by the same person, for building, altering or repairing two or more structures owned by the same person, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such structures."

Since the plaintiff is unable to furnish the date of commencement and the date of completion of the furnishing of materials for each structure for which a lien is claimed, the plaintiff may not prevail in this proceeding. In view of this conclusion, it is unnecessary to consider the other grounds asserted by the defendant in support of its motion.

The defendant's motion for summary judgment will be granted.