PASQUALE DI MONDI, JOHN DI MONDI and JOSEPH DI MONDI, trading as Delaware Block Company, Appellants, v. S. & S. BUILDERS, INC., a corporation of the State of Delaware, and FRANK CRESTO, Appellees.

CARROLL POOLE, Trustee in bankruptcy of Capitol Block & Supply Co., Inc., a corporation of the State of Delaware, Appellant, v. OAK LANE MANOR, INC., a corporation of the State of Delaware, *et al.*, Appellees.

TONY PALADINETTI, Appellant, v. OAK LANE MANOR, INC., a corporation of the State of Delaware, *et al.*, Appellees.

(*June* 25, 1956.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Januar D. Bove, Jr.*, Attorney for Delaware Block Company.

*C. Waggaman Berl, Jr.*, Attorney for Capitol Block & Supply Co., Inc.

*Nathan P. Michlin*, Attorney for Tony Paladinetti.

*David Snellenburg, II*, Attorney for S. & S. Builders, Inc., and Frank Cresto.

*Harry Rubenstein, Howard M. Handelman* and *James J. Walsh*, Attorneys for Oak Lane Manor, Inc., *et al.*

Supreme Court of the State of Delaware, Nos. 21, 1955, and 5 and 4, 1956.

WOLCOTT, J.:

These three appeals were consolidated for argument because their facts raise identical questions of law. All are appeals from orders of the Superior Court of New Castle County entering judgment for the defendant in actions seeking to establish mechanics' liens.

The facts of the three cases differ in detail, but the essential facts are the same. Each of the plaintiffs furnished labor or materials for several different houses being constructed as part of a housing development. Each complaint alleges the time when the labor or material was first furnished for the construction, and each alleges the time when the last labor or material was furnished. Each complaint purports to apportion the total amount claimed between the individual houses in the development, but does not attempt to designate the beginning and completion dates for each house.[1] All of the complaints were filed several days before the expiration of a period of ninety days from the last date on which labor or materials were furnished by each of the plaintiffs.

In two of the cases,[2] judgment was entered for the defendants on the ground that the complaint had not set forth the time when the furnishing of materials or labor was commenced and the time when it was finished as to each of the individual structures identified in the complaints. In the *Paladinetti* case, judgment was entered for the defendant as to each of five houses on which the bill of particulars showed the ninety-day period of limitations had run.

---

[1]*Paladinetti v. Oak Lane Manor, Inc., Del. Super.*, 116 *A.* 2d 173, differs in this respect for the bill of particulars sets forth these dates with respect to each home. This factual difference, however, does not put the case in a different category because of the time of filing the complaint.

[2]*Di Mondi v. S. & S. Builders, Inc.* No. 21, 1955; *Poole v. Oak Lane Manor, Inc., Del. Super.*, 118 *A.* 2d 925.

The appellants present two questions of law for our decision as follows:

1. Does the Delaware Mechanics' Lien Law, 25 *Del. C.* §§ 2701-2723, provide for one lien where materials or labor are furnished for the construction of more than one structure in a building development, which lien must be apportioned among the individual structures?

2. Does the Delaware Mechanics' Lien Law permit, when materials or labor are furnished under a continuous or recurring account for the construction of more than one structure in a building development, the filing of a lien within ninety days of the last day of furnishing such materials or labor?

We will take up the questions in the order stated.

Under question No. 1, the plaintiffs argue that the Delaware Mechanics' Lien Law provides, in cases where materials or labor are furnished to structures being erected as part of a building development, for a modified unitary type of lien which must be apportioned among the individual structures concerned. This argument is made in an effort to avoid the implications of our holding in *Warner Co. v. Leedom Construction Co.*, 9 *Terry* 58, 97 *A.* 2d 884, that the Delaware law does not permit the filing of a single lien upon a group of buildings being erected as a single building development.

In the *Warner Co.* case, we had before us an attempt to impose a single lien for material supplied to eighty-seven individual structures, comprising a single development, among which the plaintiff could not apportion the value of materials supplied. We held that 25 *Del. C.* § 2713 permitting the filing of a joint claim against two or more structures could not be availed of unless the requirement of apportionment of the claim between the structures could be met. In so holding, we decided that our statute required that the so-called unitary doctrine of mechanics' liens must be rejected. We did not have before us, however, in that case the precise question now raised, that is, assuming the

requirement of apportionment between structures can be met, whether a single lien may be *filed* covering all the structures.

The argument of appellants under question No. 1 is based primarily upon 25 *Del. C.* § 2713 which provides as follows:

"In every case in which one claim for labor or materials is filed by the same person against two or more structures owned by the same person, for building, altering or repairing two or more structures owned by the same person, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such structures."

The appellants argue that § 2713 permits a claimant in one proceeding to join together several claims upon different structures and impose a single lien upon the development as a whole, which must be apportioned in amount between the different structures involved. Appellants, also, point to Form 12 of the Rules of Civil Procedure of the Superior Court, *Del. C. Ann.*, which on its face provides a form for a suit to obtain a mechanics' lien upon two or more structures by pleading the commencement and finishing time of the furnishing of the materials upon the construction project as a whole and not as to the individual structures.

We think appellants place undue emphasis upon Form 12, for even if it be assumed it means what appellants say it means, it would not have the effect of authorizing the imposition of a unitary lien unless such a lien is authorized by the statute. The answer is therefore to be found in § 2713 which, say the appellants, authorizes the imposition of a single lien upon the whole development apportioned as to amount between the individual structures.

We think we impliedly rejected the appellants' position in the *Warner Co.* case when we held that the Delaware statute did not authorize a single lien upon a group of buildings. We think the provisions of the statute require this conclusion.

■ 25 *Del. C.* § 2718(a) provides that a judgment for the plaintiff in a mechanics' lien proceeding shall be a lien upon the structure relating back to the day when the furnishing of labor or material was commenced. This provision makes it necessary for the plaintiff to set forth that date with particularity, since, otherwise, there is no means by which priority of liens may be determined. Since this is so, it is obvious, we think, that the statute does not contemplate the imposition of a single lien apportioned as to amount among individual structures, since the statute is clear that as to any particular structure over which a lien is claimed, that lien dates back to the day when labor or materials were first furnished for that particular structure.

■■ Nor do we think there is anything in § 2713 which changes this fact. This section, originally enacted in 1879, at a time when Delaware courts were laboring under strict Common Law rules of procedure, we think was intended solely as a procedural device to permit the bringing of several different claims for mechanics' liens in one proceeding. This conclusion is strengthened by the language of § 2713. The authority given is not to file a proceeding for the imposition of a single lien against two or more structures, but is merely to file a "joint claim" for two or more separate liens against separate structures. As originally enacted, § 2713 was one sentence of a larger paragraph which, *inter alia,* provided for a single lien upon an individual structure relating back to the day when the labor or materials was first furnished. See 1935 *Code,* § 3324. Under the circumstances, we think appellants seek to read into § 2713 far more than was ever intended. Nor do we think the re-enactment of § 2713 as part of the *Code of* 1953, after the promulgation of Form 12 of the Superior Court, helps the appellant. The whole matter of joining claims for liens is procedural, while the right to a unitary lien is substantive.

It is true that in the *Warner Co.* case we said that a joint lien on two or more structures may be obtained under § 2713, provided a proper apportionment is made. It would have been more precise to have stated that a joint claim for separate liens

may be filed, which is what we intended. In that case, we were primarily concerned with the requirement of apportionment of claims among separate structures and did not have before us the precise question now raised.

We hold, therefore, that the answer to question No. 1 is that our Mechanics' Lien Law provides only for separate liens upon separate structures.

We think that question No. 2 is impliedly answered by our answer to question No. 1.

■■ As we have pointed out, the judgment in a mechanics' lien proceeding is a separate lien upon one structure relating back to the day when labor was begun, or materials first furnished. 25 *Del. C.* § 2711(b) requires these appellants to file their claims for the separate liens to which they are entitled "within 90 days from the completion of the labor performed or from the last delivery of materials furnished by them".

■■ Since each claim for a lien under the statute must be for a separate lien against a single structure, it follows that the requirement of the statute that the claim be filed within 90 days after the last furnishing of labor or materials, must be complied with. If this were not the fact, the limitation upon the right to obtain a lien so carefully set up by the statute would be destroyed and prospective purchasers would take title at their peril. The appellants' argument would result in the possibility that, months after the completion and sale of a particular structure, and long after a period of 90 days after its completion had expired, a mechanics' lien could be enforced against it. We think the scheme of the statute would be offended by such a result. The mechanics' lien law as now written, clearly contemplates that after the designated periods of limitation, the right to file a mechanics' lien shall expire.

Appellants urge that this works a hardship on persons supplying labor and materials to a building development. This may be the fact, but we must take the statute as we find it. As we said in the *Warner Co.* case [9 *Terry* 58, 97 *A.* 2d 889]:

"The plain fact is that the Delaware mechanics' lien law is not adapted to deal with the problems arising out of the furnishing of materials and labor to a continuous residential building development. Legislation would seem to be called for; but the courts cannot supply it."

The judgments below are affirmed.