**HARROGATE CONSTRUCTION COMPANY,**
a corporation of the State of Dela-
ware, Plaintiff,

v.

**JOSEPH HAAS COMPANY,** a Pennsylvania
corporation, Contractor, and Rieder-Haas
Enterprises, a Pennsylvania partnership,
Owner, Defendants.

Superior Court of Delaware,
New Castle.

Jan. 22, 1969.

Arthur Inden, Wilmington (of Young, Conaway, Stargatt & Taylor, Wilmington), for plaintiff.

Arthur J. Sullivan, Wilmington (of Morris, James, Hitchens & Williams, Wilmington), for defendants.

STIFTEL, President Judge.

On February 12, 1968, Harrogate Construction Corporation ("Harrogate") filed

a complaint, affidavit, and bill of particulars pursuant to 25 Del.C. § 2712 in order to impose a mechanic's lien on land and apartment buildings owned by Rieder-Haas ("Rieder") and constructed by Joseph Haas Company ("Haas"), a Pennsylvania corporation. The complaint said that the furnishing of labor and materials by Harrogate started on May 5, 1967 and ended on November 22, 1967.

██ Delaware law does not permit the filing of a single lien upon a group of buildings being erected as a single building development. Warner Co. v. Leedom Construction Co., 9 Terry 58, 97 A.2d 884. This is made clear in § 2713 [1] of 25 Del. Code. In speaking of this section, our Supreme Court in Di Mondi v. S. & S. Builders, 11 Terry 123, 124 A.2d 725, 728, said:

> It was intended " * * * solely as a procedural device to permit the bringing of several different claims for mechanics' liens in one proceeding. * * * The authority given is not to file a proceeding for the imposition of a single lien against two or more structures, but * * * to file a 'joint claim' for two or more separate liens against separate structures."

For the lien to be effective against each structure, the complaint must be filed within the required time specified and must set forth (25 Del.Code § 2712(b) (4)):

> "The amount claimed to be due, the nature and kind of the labor done or materials furnished, with a bill of particulars annexed, showing the kind and amount of labor done or materials furnished; * * *."

Neither plaintiff's complaint nor its bill of particulars complies with the requirements of § 2712(b) (4). Plaintiff virtually admits this, but argues that it should be permitted to amend to comply. On May 16, 1968, it proffered an amended complaint and bill of particulars which, it claims, satisfies the requirements of §§ 2712 and 2713. Defendants oppose the amendment and ask that the amendment be denied, and request summary judgment in their favor against the mechanic's lien.

██ Normally, a mechanic's lien complaint cannot be amended after the time for filing the lien has passed. E. J. Hollingsworth Co. v. Continental Diamond Fibre Co., 6 W.W.Harr. 303, 175 A. 266; Greenhouse v. Duncan Village Corp., 5 Storey 102, 184 A.2d 479. Plaintiff claims, however, that it seeks only a technical amendment to the complaint by having it make reference to the amended bill of particulars, and that, in reality, the bill of particulars is what is essentially being amended. It cites DeLuca v. Martinelli, Del., 200 A.2d 825, as authority for permitting such an amendment. It is true that in *DeLuca* the Court permitted plaintiff the right to amend his bill of particulars to show in detail how he arrived at the amount which he claimed was due on each house. However, the Judge commented (p. 828): "The amendment which plaintiff seeks to file in this case in no way changes the basic claim."

██ In the present case, Harrogate used the bill of particulars to state the amount due on each structure, a function which, strictly speaking, should be served by the complaint itself. The true purpose of the bill of particulars is simply to show "the kind and amount of labor done or materials furnished." In *DeLuca,* it was this purpose which the bill failed to serve, and to meet this purpose of showing greater detail, it was allowed to be amended. By its re-

---

[1]. 25 Del.Code § 2713 reads as follows:
"Claims against two or more structures owned by the same person
"In every case in which one claim for labor or materials is filed by the same person against two or more structures owned by the same person, for building, altering or repairing two or more structures owned by the same person, the claimant shall, at the time of filing such joint claim, designate the amount which he claims to be due to him on each of such structures."

quested amendment, Harrogate seeks to accomplish a different end. It seeks for the first time to state a specific amount that is due on each structure that had not been stated with clarity before in the original bill of particulars.[2]

In the original bill of particulars, the sum of $4,861.50 under "TOTAL AMOUNT DUE" is, in effect, a total due against all the structures in the project and it is impossible to know how much of the total amount claimed is due on each structure, with the possible exception of the recreation room building. The sums attributed in the original bill of particulars to specific buildings obviously represent expenditures for which Harrogate has received partial reimbursement,[3] but this reimbursement is not allocated among the various structures. Consequently, the total amount due on each structure cannot be ascertained.

The amended bill of particulars for the first time set out specific amounts that are due on each building. These specific amounts bear little or no relationship to the amounts recited in the original bill of particulars. For example, in the original bill of particulars, plaintiff says that $2,088.00 is due on building No. 7. In the amended bill, it shows an amount of only $96.00. As to building No. 9, in the original bill the amount was $3,612.00 and in the amended bill the amount is shown as $1,040.00. In the original bill, the amount shown to "complete building No. 8" is $7,768.00, and the amount due on building No. 8 in the amended bill is listed as $1,648.00.

Normally, the bill of particulars is a mere amplification of the basic claim and its purpose is to give the opposing party the particulars of the claim. Armstrong & Latta Co. v. Wilmington Sugar Refining Co., 2 W.W.Harr. 125, 120 A. 94. Here, the plaintiff is not amplifying but in effect stating new claims in the amended bill after the statutory time has expired.

2. Harrogate filed with its complaint the following bill of particulars:

| | |
|---|---|
| Complete roof—Building No. 10 | $2,088.00 |
| Complete roof—Building No. 7 | 2,088.00 |
| Roof—Building No. 6 | 1,200.00 |
| Studding—Building No. 6 | 1,500.00 |
| Complete Roof—Building No. 9 | 3,132.00 |
| Finish—6 units Building No. 9 | 480.00 |
| Stake out—66 apartments ($4.00 ea) | 264.00 |
| Stake out—Balance 120 apartments | 480.00 |
| Shots and nails | 675.00 |
| Set frames 66 apartments | 198.00 |
| | $12,425.00 |
| 10% ............ | 1,242.50 |
| | $13,667.50 |
| Complete Building No. 8 | 7,768.00 |
| | $21,435.50 |
| Less amount received | 16,292.00 |
| | $ 5,143.50 |
| Less shots | 757.00 |
| | $ 4,386.50 |
| Plus recreation room | 475.00 |
| TOTAL AMOUNT DUE ...............| $ 4,861.50 |

3. The bill of particulars in the preceding footnote shows a deduction of $16,292.00, which represents the amount received for the total apartment project without reference to any particular building.

Furthermore, both the original complaint and bill of particulars fail to comply with 25 Del.Code § 2712(b) (5), (6),[4] since the dates when labor and materials were furnished as to each individual structure do not appear. Di Mondi v. S. & S. Builders, *supra*. Instead, the complaint mentions one beginning date (May 5, 1967) and a finishing date (November 22, 1967) for the entire apartment project. The date as to each structure must be set forth so that priority among complainants can be determined. Not only has Harrogate failed to supply this information but a subsequent affidavit indicates the commencement date to be October 27, 1967, rather than the date of May 5, 1967, which appears in the complaint.

To permit plaintiff to amend by changing the amount of money due on each building would make it difficult for an apartment owner, such as Rieder, to mortgage, sell portions of his development, or free from lien one or more structures. Also, if a plaintiff were able to state a total amount due on the project and break it down at a later date, as was initially done here, it would be difficult for a housing developer to sell any homes, even though in actuality the lien against any particular home amounted to only a few hundred dollars.

For the reasons stated, I grant summary judgment in favor of the defendants on the mechanic's lien aspect of this case. My decision makes it unnecessary for me to decide whether plaintiff's affidavit in support of its complaint, pursuant to 25 Del.C. § 2712(c), may be amended so as to state "that the facts therein are true and correct" instead of "true and correct to the best of my knowledge and belief" as it presently appears in the affidavit. See Oscar George, Inc. v. Potts, 10 Terry 295, 115 A.2d 479.

4. § 2712(b) (5) and (6) follow:
"(b) The complaint and/or statement of claim shall set forth—
\* \* \* \* \*
"(5) The time when the doing of the labor or the furnishing of the materials was commenced;

Nor need I decide whether Harrogate contractually waived its right to impress a mechanic's lien upon the property through various executed instruments.

So ordered.

"(6) The time when the doing of the labor or the furnishing of the materials was finished;"