Friend RAMSEY, a/k/a Frank Ramsey,
Individually and/or t/a Insulation by
Ramsey, Plaintiff,

v.

Bernard DiSABATINO, Individually, and/or
trading as the DiSabatino Company,
et al., Defendants.

Superior Court of Delaware,
New Castle.

Argued Sept. 11, 1975.

Decided Oct. 28, 1975.

John Biggs, III, and Robert H. Hallsted, Jr., of Biggs & Battaglia, Wilmington, for plaintiff.

Michael R. Shapiro, of O'Donnell & Hughes, Wilmington, for defendants.

TAYLOR, Judge.

This is an action to recover a contract debt and to enforce such recovery by the entry of a mechanics lien. Defendants have moved to dismiss the claim for mechanics lien. The complaint alleges that plaintiff supplied materials and labor in erecting drywall as a subcontractor in the construction of a condominium complex known as Chelmsford in Newark, Delaware, for which plaintiff seeks mechanics lien.

Defendants seek dismissal of the complaint with respect to the mechanics lien claim on the ground that it fails to allocate the amount due and the dates of commencement and completion of work as to each "structure". Referring to identification of structures and amounts due thereon, the complaint lists as follows:

"10. The amount which Plaintiff-Claimant claims to be due on each structure is as follows:

| STRUCTURE | ADDRESS | | |
|---|---|---|---|
| Building 57C, B, A | 1800–1802 Chelmsford Circle | | $3,130.00 |
| Unit 57A | 1802 Chelmsford Circle | 1,043.33 | |
| 57B | 1801 Chelmsford Circle | 1,043.34 | |
| 57C | 1800 Chelmsford Circle | 1,043.33 | |
| Building 56B through 52A | 2000–2009 Chelmsford Circle | | 9,430.00 |
| Unit 56A | 2001 Chelmsford Circle | 943.00 | |
| 56B | 2000 Chelmsford Circle | 943.00 | |
| | | | $12,560.00" |

Certain information referred to herein has been supplied with the briefs and has been accepted by the parties as being factually correct for purposes of this motion. In the complaint, the designation of structures includes references to certain buildings and units. It appears that each condominium unit is located on separate but contiguous ground and foundation. Laterally, the units are separated by common dividing walls. Physically, they are not unlike row houses.

The "units" referred to in the complaint are described as "townhouse units" in a Declaration filed under the Unit Property Act. 25 Del.C. Chapter 22. Unlike row houses, where the boundaries of the house usually extend within the common wall, in the case of these townhouse units, each unit is described as follows (par. 5(ii)).

"The unit is entirely enclosed by and between the exterior and interior walls, floor and ceilings of the building, mea-

sured from the inside of the block work or frame work, or concrete slab facing the enclosed space as further shown on sheets 4, 5 and 6 of the Declaration Plan. Each unit is designated on Sheet 1 of the Declaration Plan by a number. The number corresponds to the assigned postal address for the unit. Each unit consists of all surfaces and contents within such dimensions, including, but not limited to, nonsupporting partition walls, stairs, wall board, flooring, carpet, electrical outlets, lighting fixtures, plumbing fixtures, appliances, heating and air-conditioning elements; excluding, however, any and all pipes, ducts, cables, wires, conduits, or utility lines, if any, situate within such dimensions, and serving or connected to other space or spaces."

The land, buildings and improvements, except the units, are designated "Common Elements". The units are given a perpetual easement for ingress and egress and "for the purpose of otherwise properly using" the common elements.

It appears that the townhouse units, which are the units intended to be referred to in the complaint are intended to be separately owned. While area within the block or frame enclosure constitutes the unit, the block or frame enclosure is excluded from the unit. Certain items are stated to be included within the unit—among these is "wall board".

It has been held without exception that the Delaware Mechanics Lien Law does not permit a unitary lien upon several houses in a housing development. *Warner Co. v. Leedom Const. Co.,* Del.Super., 8 Terry 457, 93 A.2d 316 (1952), aff'd., Del. Supr., 9 Terry 58, 97 A.2d 884 (1953). *DiMondi v. S. & S. Builders,* 11 Terry 123, 124 A.2d 725 (1956). A principal reason for these holdings was that to permit such a unitary lien would unduly imperil the title of purchasers of individual residences. The same policy consideration would appear to govern in applying the require-ments of the mechanics lien statute in the case of the townhouse units here.

Whether, and to what extent, plaintiff's claim falls within the definition of unit in the declaration is not entirely clear from this record. While it might be assumed that plaintiff's work falls within the perimeters of the unit, any uncertainty concerning the allegations of the complaint should be resolved for purposes of this motion in favor of plaintiff. *Atlas Subsidiaries of Del., Inc. v. Burns,* Del.Supr., 202 A.2d 566 (1964); *Barni v. Kutner,* Del. Super., 6 Terry 550, 76 A.2d 801 (1950).

Turning to the enumerated "structures" or "units" as set forth in the complaint, "Building 57C, B, and A," and "Units" bearing the same designations appear to be the same geographical areas. It appears that each of those listed unit designations and Units 56A and 56B is a townhouse unit. I conclude that the volume constituting each of the designated units is properly designated as a structure within the meaning of 25 Del.C. § 2713.

It is noted that with respect to "Building 57C, B and A" the complaint lists a total amount of $3,130. Thereafter, the complaint separately lists the same three numbers as "units" and lists the amount of $1,043.33 as to two of the units, and $1,043.34 as to the remaining unit. This claim is a duplication of the claims listed for the same units separately. Accordingly, the quoted claim in the lump sum amount of $3,130 is stricken.

With respect to the claims for Units 57A, B and C, defendants contend these claims should be stricken because the amount claimed is identical for each. A similar contention is made as to Units 56A and 56B. Defendants cite *Warner Co. v. Leedom Const. Co.,* supra. In *Warner,* evidence before the Court showed that the claim was not based on material actually supplied to the particular structure, but instead was based upon applying a percentage figure to the total purchases of the

subcontractor. Nothing in the complaint or bill of particulars shows that that method was followed here or that the claim does not properly reflect material and labor furnished to the respective structures. The fact that the dollar amounts and material quantities may be identical for each of the several structures does not render the complaint invalid, bearing in mind that for purposes of this motion the factual allegations of the complaint must be accepted as true. *Atlas Subsidiaries of Del., Inc. v. Burns,* supra; *Barni v. Kutner,* supra. Similarly, the commencement and completion dates are sufficiently stated.

■ For purposes of the sufficiency of the complaint, I conclude that the claims asserted as to Units 56A, 56B, 57A, 57B and 57C meet the requirements of 25 Del. C. § 2713.

■ The remaining claim in the amount of $9,430 relates to "Building 56B through 52A—2000–2009 Chelmsford Circle." From the supplied facts, it appears that this refers to ten condominium units which are not physically dissimilar to those described above and that these also are intended for individual ownership.[1] Assuming the identifications to be sufficient, interpreting the designations in the complaint in the light of the exhibits attached to the complaint, there remains the requirement of 25 Del.C. § 2713 that the amount due for materials and labor furnished to each structure be specified separately as to each structure. *Warner v. Leedom Const. Co.,* Del.Supr., supra. In this instance, the complaint lists a single claim of $9,430 for "Building 56B through 52A", and the bill of particulars attached to the complaint for "56B through 52A" lists a single tabulation of materials. To such extent that the labor and materials were furnished within the townhouse unit areas, as discussed above, the statutory requirements have not

been met. However, as stated above, the factual background has not been supplied to permit the issue to be decided on the pending motion.

Accordingly, the motion to dismiss is denied.

It is so ordered.

---

1. Apparently, included in this listing are Units 56A and 56B, which are separately listed and have been discussed above. This

discussion, therefore, deals only with the remaining eight units.