WILMINGTON TRUST COMPANY, a corporation of the State of Delaware,
Plaintiff,

v.

BRANMAR, INC., a corporation of the State of Delaware, et al., Defendants.

WILMINGTON TRUST COMPANY, a corporation of the State of Delaware,
Plaintiff,

v.

BRANMAR, INC., a corporation of the State of Delaware, Defendant.

Superior Court of Delaware,
New Castle.

Submitted Feb. 13, 1976.

Decided Feb. 26, 1976.

John T. Gallagher and James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

Arthur J. Sullivan of Morris, James, Hitchens & Williams, Wilmington, for defendants.

BIFFERATO, Judge:

Plaintiff brings this action for the collection of a contract debt and for the entry of a mechanics' lien on the basis of the alleged debt. The debt is alleged to be owing under the terms of an Escrow Agreement executed by plaintiff Wilmington Trust Company, by defendant Branmar, Inc. ("Branmar"), and by defendant-escrowee Arthur J. Sullivan. Defendant Branmar operates a shopping center on property which it leases from the fee owners. The Escrow Agreement was entered in conjunction with a plan under which plaintiff was to open a branch bank in the shopping center.

The Escrow Agreement was apparently an attempt by the parties to set forth rights and obligations with respect to certain work which would be necessitated as a result of the construction of a branch bank building in the shopping center. Specifically, Branmar agreed to deposit with the escrowee funds sufficient to cover the expense of (a) installing a new entrance driveway into the shopping center, and (b) installing plantings required by New Castle County in a project of this nature. The Agreement recognized a duty on the part of Branmar to perform these installations and author-

ized plaintiff, if Branmar had not undertaken the project within 30 days after commencement of construction of plaintiff's branch bank, to contract for the installations and to be reimbursed out of the escrow fund for all payments made, plus interest at 9%.

The complaint alleges that Branmar failed to install either the entrance driveway or the plantings, and that plaintiff therefore contracted for and paid for the work. It is further alleged that plaintiff received no reimbursement for payments made, and that defendants are therefore indebted to plaintiff in the amount of $42,129.85. Among the numerous defenses interposed by defendants is the assertion that the amount claimed to be due greatly exceeds the reasonable value of the services contracted for by plaintiff. Plaintiff concedes that a hearing may be necessary to determine the exact amount due, but it has nevertheless moved for summary judgment solely on the question of liability, as to both the *in personam* claim and the mechanics' lien claim.

■ Turning first to the *in personam* action, defendants argue that summary judgment is precluded by the existence of a genuine issue of fact, namely the question of whether plaintiff was authorized to contract as it did for the installation of the driveway and plantings. Branmar asserts that, within 30 days of the start of construction of the branch bank, it had entered into fixed sum contracts for the driveway and landscaping work, and that plaintiff was therefore without authorization to contract for the work on its own. In order to prevent plaintiff from contracting for the work on its own, however, Branmar had to do more than enter fixed-sum contracts for the work. Under the terms of the Escrow Agreement, Branmar was also required to deposit copies of such contracts with the Escrowee and the plaintiff, and to deposit with the Escrowee funds sufficient to cover the contract costs. No claim is made that Branmar complied with these re-

quirements set forth in the Escrow Agreement. In the absence of such compliance, plaintiff was authorized under the Escrow Agreement to contract for the installations on its own.

No other reason is suggested by defendants why summary judgment should be denied as to the *in personam* claim. Since there is no genuine issue of material fact, plaintiff is clearly entitled to summary judgment on the issue of liability. It is so ordered. The question of the amount of the judgment is reserved for a later hearing, for which arrangements should be made with the Court.

Plaintiff has also moved for summary judgment on the issue of whether it is entitled to a mechanics' lien upon Branmar's leasehold interest in the shopping center, again with the reservation that the motion is directed solely to liability and not to amount. In opposition to plaintiff's motion, defendants argue that the statement of claim for mechanics' lien fails to comply with the technical requirements of 25 Del. C., Ch. 27, in at least five respects: (1) a single lien is sought upon the entire leasehold interest in the shopping center, which is comprised of more than one "structure"; (2) the claim is deficient in that it seeks to impose a lien for work performed outside of the metes and bounds description of the property; (3) planting of shrubbery and landscaping are not services for which a mechanics' lien may be imposed; (4) the statement of claim fails to adequately describe the nature and kind of work performed; and (5) Branmar's interest is not subject to a mechanics' lien because the work was not performed for Branmar's benefit. These arguments will be dealt with in turn.

■ Preliminarily, it should be noted that the Delaware Courts have never directly dealt with the question of whether a mechanics' lien may be imposed upon a leasehold interest. In *McHugh Electric Co. v. Hessler Realty & Develop. Co.,* Del.Supr., 11 Terry 296, 129 A.2d 654 (1957), our Su-

preme Court held that a mechanics' lien may be imposed incidentally upon a tenant's leasehold interest in land, where the lien is principally upon a building owned by the tenant which is located on the land. While there is some dicta in *McHugh* which might be construed as a statement by the Court that a mechanics' lien must be in some way directly connected to a fee simple ownership, such a position is contrary to the great weight of authority. *Dow Chemical Company v. Bruce-Rogers Co.,* Ark.Supr., 501 S.W.2d 235 (1973); *Bennett Iron Works, Inc. v. Underground Atlanta, Inc.,* 130 Ga. App. 653, 204 S.E.2d 331 (1974); *Tropic Builders, Ltd. v. United States,* Hawaii Supr., 475 P.2d 362 (1970); *Basic Refractories, Inc. v. Bright,* 72 Nev. 183, 298 P. 2d 810 (1956); *Ingram & Greene, Inc. v. Wynne,* N.Y.Supr., 47 Misc.2d 200, 262 N. Y.S.2d 663 (1965). In accordance with that view, then, this Court now holds that where labor or materials are supplied to the owner of a leasehold interest in a structure, the supplier may obtain a mechanics' lien on that leasehold interest, provided all other statutory requirements for a lien are met. In such a situation, the mechanics' lien obtained is limited to the leasehold interest, unless the fee simple owner has expressly consented, in writing, to the performance of the work for which the lien is sought. 25 Del.C. § 2722.

■ Returning then to Branmar's objections to plaintiff's statement of claim for mechanics', lien, it is first argued that the claim names only one "structure," i. e., the entire shopping center, when in fact the shopping center is comprised of several structures. The significance of this argument is that where a claim is made against two or more structures owned by the same person, the amount claimed to be due on each structure must be designated in the claim. 25 Del.C. § 2713. In more complex forms of property ownership, such as a shopping center or a condominium complex, the question of the meaning of "structure" for purposes of the mechanics' lien statutes is altered according to the nature and purpose of the labor or materials supplied. Thus, in a mechanics' lien claim made upon an attached row of "townhouse" condominia, Judge Taylor of this Court found that, to the extent labor or materials are supplied in and solely for the benefit of a condominium townhouse, each townhouse is a separate "structure" within the meaning of 25 Del.C. § 2713, even though it lies under the same roof as other townhouse units. To the extent that labor or materials are supplied for the benefit of the common elements of the row of townhouses, however, the entire row may constitute a single "structure" for mechanics' lien purposes. *Ramsey v. DiSabatino,* Del.Super., 347 A. 2d 659 (1975). The labor and materials contracted for by the instant plaintiff were supplied for the benefit of the entire shopping center. And as the center is held by a single owner, and it is not contemplated, nor is it likely, that it will be divided among several owners, the entry of a unitary lien upon the center does not present the problems which would result from entry of a unitary lien upon a housing development. Compare *Warner Co. v. Leedom Const. Co.,* Del.Super., 8 Terry 457, 93 A.2d 316 (1952), aff'd Del.Supr., 9 Terry 58, 97 A.2d 884 (1953); *Di Mondi v. S. & S. Builders,* Del. Supr., 11 Terry 123, 124 A.2d 725 (1956). For purposes of the statement of claim for mechanics' lien now before the Court, then, the entire shopping center was properly designated as a single structure.

■ Branmar's second objection is that the statement of claim seeks to impose a lien for labor and materials supplied outside of the metes and bounds description of Branmar's leasehold interest. Specifically, Branmar contends that some part of the curbing work was actually performed on the public roadway adjacent to the shopping center, and that to impose a lien upon its leasehold interest for that portion of the work is statutorily impermissible. This Court, however, does not find the location of a portion of the work outside of the center to be of controlling significance. The work was performed largely within the

shopping center's boundaries, for the benefit of the center, and under the terms of the Escrow Agreement signed by Branmar. Therefore, the statement of claim is not objectionable on this ground.

■■ Branmar thirdly protests that the planting of shrubbery and landscaping are not services for which a mechanics' lien may be imposed, since they are not specifically enumerated in 25 Del.C. § 2702(b). However, § 2702(b) is not an exclusive list of the types of work for which a mechanics' lien may be obtained. It is merely an explanation and expansion of the general rule stated in § 2702(a) which permits the obtaining of a lien by "any person having performed or furnished labor or material, or both, . . . in or for the erection, alteration, or repair of any structure." The labor and materials furnished by plaintiff are clearly within the meaning of § 2702(a).

■ Branmar fourthly argues that the statement of claim for mechanics' lien and the bill of particulars attached thereto fail to adequately describe the nature and kind of labor done and materials furnished, as is required by 25 Del.C. § 2712(b)(4). While plaintiff's bill of particulars could be more clear in setting forth the necessary facts, it is not so deficient as to render the statement invalid. Taken together, the statement and the bill adequately serve to apprise Branmar of the basis for plaintiff's claim.

■ Finally, Branmar contends that the labor and materials furnished by plaintiff were not for the benefit of the entire leasehold interest and that a lien therefore may not be imposed upon it. This argument has been sufficiently answered above. In the judgment of this Court, the work performed was for the benefit of the entire leasehold interest, and not just for the benefit of plaintiff's branch bank.

For the reasons stated herein, plaintiff's motion for summary judgment is granted as to both the *in personam* claim and the mechanics' lien claim.

IT IS SO ORDERED.