KERSHAW EXCAVATING COMPANY, a Delaware corporation, Plaintiff Below, Appellant,

v.

CITY SYSTEMS, INC., a Delaware corporation, and Joseph F. Murphy; Patrick M. Murphy; Mary Wilson Vincent; Selvino Cericola; Bonnie M. Sherr; 1313 Associates, a Delaware general partnership, Thomas C. Phillips; Theresa F. Phillips; Amy J. Speers; Marlene A. Orlowsky; Hanh T. Le; Theodore W. Kuehn; Ruth M. Kuehn; Thomas C. Smith and Kenneth Quinn trading as Brogue Enterprises, Ltd.; Paul R. McKeeman; Elvin R. Heiberg, III; Kathryn S. Heiberg; John E. Iwesyk; Laura Mortelliti; Gerald M. Iannelli; Marie Iannelli; Azar Parvizi Majidi; Benham Majidi; Ruhollah Moainie; Jalalieyeh Parvizi Moainie; David A. Nathan; Carey L. Nathan; Michael B. Loughery; James N. Derminasian; Kyu Tai Lee; Jessie C. Lee; William G. Rennix; Delores J. Rennix; Scott A. Callaway; Karen W. Callaway; Joseph A. Ross, Sr.; Edith M. Ross; P. Gerald White; Stephan S. Tang; Leslie R. Tang; Jeffrey T. Rushie; John F. Carl; Barbara C. Carl; Thelma L. Antal; Nancy L. Doubt; Richard A. Salzstein; John R. Collinson; Jean S. Collinson; Joe D. Ryan; Alta M. Ryan; Karen D. Owens; Donald L. Robinson; Malcolm K. McKown; Carolyn E. McKown; David L. Cadwallader; Andrea L. Cadwallader; James M. Solge; Sharon L. Solge; Gary F. Carlson; Linda C. Carlson; William L. Cook; Margaret S. Cook; Leo J. Ramunno; Emil J. Pecko; Florence A. Pecko; Donald C. Phillips, trustee of Donald C. Phillips revocable trust; Stewart W. Morse; Norman J. Shuman; Diane S. Shuman; Wayne R. Neville; Ralph F. Keil; Darlene S. Keil; Shellie K. Simler; Elva B. Ferrari; Melinda A. Mabry, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: June 26, 1990.
Decided: Oct. 10, 1990.
Rehearing Denied: Nov. 7, 1990.

Judith N. Renzulli and Richard A. Forsten of Duane, Morris & Heckscher, Wilmington, for appellant.

David Roeberg and Shirley A. McDermott of Roeberg, Haase & Associates, P.A., Wilmington, for appellees.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This matter was commenced on May 18, 1989, when the plaintiff-appellant, Kershaw Excavating Company, Inc. ("Kershaw"), filed a mechanic's lien action against the defendant-appellee, City Systems, Inc. ("City Systems"), as the owner of the Le Parc condominium project ("Le Parc") and the Westhill townhouse project ("Westhill"). The complaint alleged that a total of approximately $189,353.03 was due and owing to Kershaw from City Systems. In addition to City Systems, subsequent owners of individual Le Parc condominium units and individual Westhill townhouse units were also named as defendants and are now appellees. On October 6, 1989, the Superior Court granted City Systems' motion to dismiss Kershaw's mechanics' lien action. On October 26, 1989, that order was made final. This is Kershaw's direct appeal from the decision of the Superior Court.

At the time Kershaw filed its complaint, there were ten buildings at Le Parc, containing between six and eight condominium units each. There were three buildings at Westhill, containing nine or ten units each. Kershaw sought to impose a lien of $6,605.66 against each of the ten buildings at Le Parc and a lien of $41,098.82 against each of the three buildings located at Westhill.

City Systems filed a motion to dismiss Kershaw's mechanic's lien action on the basis that Kershaw had not properly apportioned its claim among the individual condominium and townhouse units. Kershaw admitted that it had apportioned its claim among each of the buildings or structures located at the Le Parc and Westhill projects, and not the individual units within them. The Superior Court held that, as a matter of law, Kershaw was required to apportion its mechanic's lien claim among each of the individual units comprising the buildings at Le Parc and Westhill, rather than the buildings in their entirety.

Kershaw contends that the Superior Court's decision in this matter should be reversed. Kershaw argues that it properly apportioned its claims among the buildings on the Le Parc and Westhill projects, and not the individual units contained in each building, pursuant to the Superior Court's prior holdings in *Wilmington Trust Company v. Branmar, Inc.*, Del.Super., 353 A.2d 212 (1976), and *Ramsey v. DiSabatino*, Del.Super., 347 A.2d 659 (1975). We have concluded that Kershaw's position is correct. Accordingly, the Superior Court's decision to dismiss Kershaw's mechanic's lien action is reversed.

*Facts*

The basic facts are not in dispute. On April 28, 1987, pursuant to an agreement with City Systems, Kershaw began to perform site work on the Le Parc condominium project. That work included, *inter alia*, clearing, grading, paving, curbing, manhole installation, raking and seeding. On the date when Kershaw began its work,

City Systems was the sole owner of the Le Parc lands. At a later date, City Systems caused the Le Parc land to become a condominium complex, subject to the Delaware Unit Properties Act, 25 *Del.C.* § 2201, *et seq.*, by recording a declaration of condominium. The agreement between City Systems and Kershaw for the work did not specify or call for work on a per unit basis. In its complaint, Kershaw alleges that it ceased to work on the Le Parc project as of February 8, 1989, and that it has not been paid for approximately $66,056.56 worth of the work which was performed prior to that date.

On March 16, 1988, pursuant to a separate agreement with City Systems, Kershaw began to perform site work on the Westhill townhouse project. That work also included, *inter alia*, grading, curbing, and utility work. When Kershaw began its work, City Systems was the sole owner of the Westhill land, which consisted of four parcels. City Systems subdivided the Westhill townhouse project after Kershaw began its work. Kershaw's agreement to perform work at Westhill was also not on a per unit basis. In its complaint, Kershaw alleges that it ceased to work on the Westhill project on February 7, 1989, and that it has not been paid for approximately $123,296.47 worth of the work which was performed.

### Definition of Structure

Under Delaware's Mechanic's Liens statute, a claimant may file a joint claim against two or more "structures" provided that the claimant "designate the amount which he claims to be due to him on each of such structures." 25 *Del.C.* § 2713. Thus, integral to every claim for a mechanic's lien is the identification of the "structure" against which the lien is sought. 25 *Del.C.* § 2712(7). The proper method of describing or designating a "structure" in a mechanic's lien action has become increasingly difficult with the advent of more complex forms of property ownership and sophisticated structural configurations.

When the Superior Court has previously been called upon to decide actions seeking to impose mechanics' liens against "structures" such as townhouses, apartment buildings, shopping centers, and condominium complexes, it has recognized that "the meaning of 'structure' for purposes of the mechanics' lien statutes is altered according to the nature and purpose of the labor or materials supplied." *Wilmington Trust Company v. Branmar, Inc.*, Del.Super., 353 A.2d 212, 215 (1976). In *Wilmington Trust Company*, the Superior Court held that in defining the term "structure" that:

> to the extent labor or materials are supplied in and solely for the benefit of a condominium townhouse, each townhouse is a separate "structure" within the meaning of 25 *Del.C.* § 2713.

*Id.* However,

> [t]o the extent that labor or materials are supplied for the benefit of the common elements of the row of townhouses, however, the entire row may constitute a single "structure" for mechanics' lien purposes.

*Id.* (citing *Ramsey v. DiSabatino*, Del.Super., 347 A.2d 659, 662 (1975)).

In *Ramsey*, a subcontractor filed a mechanic's lien action for work performed at a complex of "townhouse units." *Ramsey v. DiSabatino*, 347 A.2d at 660. Part of the claim was against certain individual units and part of the claim was against an entire building which consisted of a connected row of individual units. The Superior Court concluded that a mechanic's lien action could be properly brought against the entire larger structure which was comprised of individual units. *Id.* at 662. Consequently, in *Ramsey*, the Superior Court denied a motion to dismiss a mechanic's lien action filed against the entire structure (the connected row of townhouse units) because "any uncertainty concerning the allegations of the complaint should be resolved for purposes of this motion [to dismiss] in favor of plaintiff [subcontractor]." *Id.* at 661 (citing *Atlas Subsidiaries of Del., Inc. v. Burns*, Del.Supr., 202 A.2d 566 (1964) (citation omitted)).

Similarly, in *Wilmington Trust Company*, the Superior Court denied a motion to dismiss a mechanic's lien action which was

filed against an entire shopping center, rather than against the individual units which comprised the shopping center. The work performed consisted of curbing, landscaping and the planting of shrubbery. *Wilmington Trust Company v. Branmar, Inc.*, 353 A.2d at 214. The Superior Court cited the *Ramsey* decision with approval, and noted that the mechanic's lien complaint alleged the labor and material "were supplied for the benefit of the entire shopping center." *Id.* at 215.

### This Case

█ In ruling upon City Systems' motion to dismiss, the Superior Court acknowledged that "all well-pleaded allegations must be accepted as true." *Spence v. Funk*, Del.Supr., 396 A.2d 967, 968 (1978). The Superior Court also acknowledged that any uncertainty concerning the allegations in a complaint must be resolved in favor of the plaintiff-appellant. *Atlas Subsidiaries of Del., Inc. v. Burns*, 202 A.2d 566. The record reflects that Kershaw's complaint alleged that it began work prior to the time when City Systems dedicated Le Parc to the Unit Properties Act and subdivided Westhill. The complaint alleged that Kershaw performed no work within any individual condominium or townhouse unit. The complaint also alleged that Kershaw performed grading and site work, at both projects, which benefitted each of the buildings in their entirety.

When the Superior Court granted City Systems' motion to dismiss Kershaw's mechanic's lien action, it reasoned that "[i]n determining the amount to be allocated among each structure, the dispositive factor is whether the property is intended to be held under a joint or unitary ownership, or whether it is contemplated that the various structures or units within the structures will be sold to individual buyers." Consequently, because the Superior Court found that the buildings at Le Parc and Westhill were intended to be comprised of individually owned units, it held that the entire buildings were not "structures" under the mechanic's lien statute. The Superior Court gave the following explanation for its decision:

In the instant case, however, there has already been a sale of the condominium and townhouse units to various owners demonstrating unequivocally the intent to have multiple owners. Thus, although the site work benefitted all the units at Le Parc and Westhill, the buildings on this land cannot be properly designated as single structures for purposes of the mechanic's lien statute.

In the case *sub judice*, the Superior Court focused its inquiry exclusively upon the *intended* ownership of the completed project rather than the nature of the work being performed by Kershaw. However, the *sine qua non* in *Ramsey* and *Wilmington Trust Company*, for the purpose of defining the term "structure" was the nature of the work performed and not the intended ownership of the completed project. Since the Superior Court's *ratio decidendi* in this case was contrary to its prior holdings in both *Ramsey* and *Wilmington Trust Company*, we must resolve that conflict.

In both *Ramsey* and *Wilmington Trust Company*, the Superior Court held that a contractor or subcontractor, who supplies labor and/or materials for the benefit of an entire structure, is entitled to file a mechanic's lien against the entire structure, even though the "structure" may be comprised of individual units. We agree with the holdings in both of those prior decisions. The fallacy of focusing on the intended ownership is highlighted by this case, where Kershaw began its work prior to the time when City Systems dedicated Le Parc to the Unit Properties Act and subdivided Westhill.

█ We hold that a claimant who supplies material and/or labor which benefits an entire building is not required to apportion his claim among the individual units comprising that building. The nature of the work performed, rather than the intended ownership, must be dispositive in construing the term "structure" for the purpose of deciding the sufficiency of a complaint in a mechanic's lien action. Consequently, we conclude that the Superior

Court erred, as a matter of law in this case, when it departed from its prior holdings in *Ramsey* and *Wilmington Trust Company.*

### Conclusion

The decision of the Superior Court, which granted City Systems' motion to dismiss Kershaw's mechanic's lien action, is RE-VERSED.