MONSON, Respondent, vs. LATHROP, imp., Appellant.

*May 6 — May 21, 1897.*

*Libel: Parties: Publication: Telegram.*

1. A telegram, sent to a clergyman two days after a general election, stating that "the citizens of Wisconsin demonstrated you are an unscrupulous liar," is libelous *per se.*

2. Where a libelous publication is the joint act of two or more persons, they may be sued either jointly or severally at the election of the plaintiff.

3. The writing of a libelous telegram and its delivery to the company for transmission constitute a publication.

APPEAL from an order of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *John F. Cole,* attorney, and *Quarles, Spence & Quarles,* of counsel, and oral argument by *George Lines.*

For the respondent the cause was submitted on the brief of *Cate, Sanborn, Lamoreux & Park.*

CASSODAY, C. J. The amended complaint alleged, in effect, that at the times mentioned the plaintiff was a minister of the gospel and a member of the Lutheran church, and in charge as rector of the Lutheran Church Society at Amherst, Wisconsin. That November 5, 1894, there was a general election in Wisconsin. That November 7, 1894, the defendant *Lathrop* wilfully and maliciously composed, wrote, and transmitted to the plaintiff by telegraph over the lines of the defendant the Western Union Telegraph Company, a foreign corporation doing business in this state, the false, libelous, and defamatory matter concerning the plaintiff following, with the innuendoes omitted, to wit: "Night message. The Western Union Telegraph Co. Dated Marshfield, Wis., 11–7–1894. *To Rev. I. G. Munson:* The citizens of Wisconsin demonstrated you are an unscrupulous liar. A MARSHFIELD DEMOCRAT." That said *Lathrop* then and there wilfully and maliciously delivered the said false, libelous, and defamatory matter, so composed and written, to the agent of the defendant company then and there in charge of its office at Marshfield, and duly authorized to receive and transmit the same, and then and there instructed the

said agent to transmit the message by telegraph to the plaintiff at Amherst; and thereupon the company wilfully and maliciously transmitted the same to the plaintiff at Amherst, and delivered the same to him in writing at Amherst. That the agents and servants of the company at Marshfield and Amherst saw, read, and wrote the said message, and that, in the manner set forth, the defendants wilfully and maliciously published of and concerning the plaintiff the false, libelous, and defamatory matter aforesaid, to his dam-. age. To such complaint the defendant *Lathrop* separately demurred upon the ground that it appeared upon the face thereof that the same did not state facts sufficient to constitute a cause of action against him. From the order overruling such demurrer, the defendant *Lathrop* brings this appeal.

We are constrained to hold that the message was libelous *per se. Cranden v. Walden,* 3 Lev. 17; *Australian Newspaper Co. v. Bennett* [1894], App. Cas. 284; *Hake v. Brames,* 95 Ind. 161; *Bradley v. Cramer,* 59 Wis. 311, and cases there cited.

It is contended that the complaint seeks to charge the two defendants jointly with the publication of the libel, and that it is insufficient for that purpose, and hence that the demurrer should have been sustained. Certainly there are authorities holding that a telegraph company may be held liable for sending libelous messages. *Whitfield v. S. E. R. Co.* 96 Eng. C. L. 113; *Peterson v. W. U. Tel. Co.* 65 Minn. 18. However this may be, it is well settled that the publication of a libel may be the joint act of two or more persons, who may, in such a case, be sued either jointly or separately, at the election of the plaintiff. But for two distinct publications of the same libel, one by A. separately, the other by B., two actions must be brought, one for each publication. But the plaintiff is not obliged to join as a defendant every person who is liable. He may sue only one or two, and the

liability of the others will be no defense for those sued, or mitigate the damages recoverable. Newell, Defamation, S. & L. 382, § 42; Odgers, Slander & L. 440, 441. The demurrer raises no objection to the complaint on the ground of a defect of parties defendant, nor upon the ground that several causes of action are improperly united, and hence, under the statute, any such objection must be deemed to have been waived. R. S. sec. 2654. It is therefore immaterial, under the authorities cited, whether the complaint charges both defendants with jointly publishing the libel. The real question is whether it states a cause of action against the defendant *Lathrop.*

The writing of the message, and the delivery of it by him to the company for transmission, as mentioned, was a publication of the same. *Wilson v. Noonan,* 27 Wis. 598; *Muetze v. Tuteur,* 77 Wis. 236; *Loibl v. Breidenbach,* 78 Wis. 49. In the first of these cases it was held that "one who writes an article in English, and employs another person as his agent to translate it into German and publish it, will be liable if the German article so published is libelous, although the translation is inaccurate." In the last of these cases it was held that "one who negligently signs a libelous article without knowing its contents, and delivers it to the person who wrote it without any direction restricting the use to be made of it, is responsible for the publication thereof by the person to whom it is so delivered, where the article shows on its face that it is intended for publication." See, also, *Bacon v. M. C. R. Co.* 55 Mich. 224; *Peterson v. W. U. Tel. Co.* 65 Minn. 18.

It follows that the demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed.