HAROLD E. PATTON, also known as H. E. Patton, and MARIA M. PATTON, his wife, Appellants, v. ROBERT N. PYLE, Appellee.

(*October* 28, 1959)

Southerland, C. J., Wolcott and Bramhall, J. J., sitting.

*Garry A. Greenstein* (of the firm of Wahl and Greenstein) for petitioners, appellants.

*Clement C. Wood* (of the firm of Allmond and Wood) for respondent, appellee.

Supreme Court of the State of Delaware, No. 33, 1959.

Bramhall, J.:

Appellants filed in the Superior Court of New Castle County a rule to show cause why a judgment by confession entered upon a note with warrant of attorney to confess judgment attached given by appellants to appellee should not be opened. According to appellants' petition, appellee, pursuant to a written agreement dated August 19, 1952, agreed to perform certain work upon a house which appellee had erected for appellants. Appellants agreed that upon completion they would execute a note with confession of judgment attached in the sum of $500. Although the work was not completed, appellants, at appellee's request, executed and delivered the note to appellee. The work, it is alleged in the petition, was never completed. Appellants never paid the note. On January 23, 1958, appellee caused judgment by confession to be entered upon said note in the Superior Court of New Castle County. On July 31, 1958, appellants petitioned that court to open the judgment, alleging that the work to be performed by appellee was never completed as agreed upon. Appellee in his answer made a general denial. In his brief appellee relied solely upon the averment that appellants did not act with reasonable diligence. The Vice Chancellor denied appellants' petition on the ground that the petitioners had unreasonably delayed the filing of their petition.

We agree with the decision of the Vice Chancellor. Whatever merit there may have been to appellants' petition, it was not timely nor is there a single thing in the record to show a reasonable excuse on the part of appellants for their failure to act. In his argument before this court, counsel for appellants stated that the reason why no move was made on behalf of appellants was because of negotiations for settlement which were pending. Even in that statement—which, of course, is not a part of the record in this case—counsel for appellants gave no information as to the time or the extent of said negotiations, or any other information pertinent thereto.

Assuming that such negotiations would constitute a satisfactory explanation for appellants' delay, we cannot consider such explanation in the absence of any evidence in the record to support it. The record is also silent as to whether or not such informal explanation was even presented to the Vice Chancellor in the argument before the court below or considered by him. In his memorandum opinion, the Vice Chancellor says nothing that suggests that any such contention was made by appellants.

A petition to open a judgment by confession is addressed to the sound discretion of the court. It must show either that the defendant has acted with reasonable diligence or presents a reasonable excuse for the delay. *Jones v. Laderman,* 9 *W. W. Harr.* 308, 198 *A.* 528. Judgment was not confessed upon the note until the expiration of a period more than five years after its execution. More than six months transpired between the date of the entry of the judgment and the filing by appellants of their motion to open. If they had so desired, appellants could have instituted suit in the Court of Chancery for the cancellation of the note. Although they admittedly had knowledge of the entry of the judgment on the note shortly after the date of entry, they failed to exercise reasonable diligence in filing a petition to open. Under these circumstances, we cannot say that

the Vice Chancellor erred in holding that appellants had unreasonably delayed the filing of their petition.

Appellants relate the period of approximately six months expiring between the time of the entry of the judgment and appellants' motion to open with the period of six months then in effect for the taking of an appeal to this court. They suggest that if six months was a reasonable time within which to take an appeal, it was also a reasonable time within which to file a petition to open a judgment.

The time for taking an appeal is fixed by statute. It has since been reduced to sixty days (10 *Del. C.* § 148). The time allowed for filing a motion to open a judgment is a matter for the determination of the court. It has no relation in any sense to the time for taking an appeal. There is no merit to this contention.

The order and judgment of the Superior Court will be affirmed.