ATLAS SUBSIDIARIES OF DELAWARE, INC., a corporation of the State of Delaware, Assignee of Peoples National Fund, Inc., a corporation of the Commonwealth of Pennsylvania, Assignee of Eastern Distributors Construction Corp., a corporttion of the Commonwealth of Pennsylvania, Plaintiff Below, Appellant, v. WILLIAM T. BURNS and Lucille F. Burns, his wife, Defendants Below, Appellees.

(*July* 9, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Morton E. Evans* for appellant.

*Julian D. Winslow* for appellees.

Supreme Court of the State of Delaware, No. 5, 1964.

CAREY, Justice.

The appellant obtained a judgment by confession in the Superior Court against the appellees on October 11, 1960 upon a note for $4170. Execution was issued thereunder and appellees' real estate was sold on July 24, 1962 by the Sheriff for $5200. Prior to the confirmation date, appellees filed a motion to vacate the judgment or, in the alternative, to open it for the purpose of permitting appellees to assert certain defenses. They also filed a petition for a rule to show cause why the sale should not be set aside. Thereafter the appellant moved to dismiss the motion and to discharge the rule. After certain discovery proceedings had been completed, the Court below ordered the sale set aside and opened the judgment to permit appellees to prove their defenses. From this order appellant has filed this appeal.

The judgment is challenged on the ground that certain assignments, by virtue of which appellant supposedly obtained title to the note are invalid; that the note was originally obtained by fraud; that there was a failure of consideration for the note; and that there was a breach

of warranty of the agreement which created the obligation contained in the note. Appellant, inter alia, contends that appellees failed to act with reasonable diligence in attacking the judgment and that there was no excuse for their failure to act promptly. Cf. *Patton v. Pyle*, 2 Storey 210, 155 A.2d 55.

We think that much of the difficulty in this case arises from counsel's misconception of the procedure usually followed in attacking a judgment by confession. That procedure is described in detail in *Miles v. Layton*, 8 W.W. Harr. 411, 193 A. 567, 112 A.L.R. 786, and *Chandler v. Miles*, 8 W.W.Harr. 431, 193 A. 576. Those cases were decided before the adoption of the new rules in 1948, but it was held in *Sussex Finance Co. v. Goslee*, 7 Terry 242, 82 A.2d 743, that those new rules did not change the practice to be followed in these cases. The Court below was obviously trying to observe that practice strictly. Appellees' counsel, however, commenced the proceeding by a motion under the present Rule 60(b) *Del. C.*, and appellant's counsel attempted to use the present summary judgment rule. We are not aware of any decision or ruling by which the Superior Court has changed the holding in the Goslee case; until such time as the Judges see fit to make such a change we shall assume that they intend it still to be followed.[1]

In accordance with that practice the Trial Judge held that the motion to dismiss, which is in the nature of a demurrer, admitted arguendo the allegations of the appellees' motion. In passing upon the motion to dismiss, he

---

[1]Attacks upon judgments by confession seem to be steadily increasing in numbers. As far as we know, the procedure heretofore followed has proven satisfactory; whether that is true, however, or whether changes should be made are matters with which the Judges of the Superior Court are obviously more familiar than are we.

declined to consider certain affidavits, obviously because to do so would have been to accept appellant's attempt to apply the summary judgment rule. Eventually, after hearing counsel, he determined that the appellees had shown enough reasons to require a trial of the issue.

■ ■ It appears, therefore, as to the judgment itself, the Court decided only one thing, namely, that appellees are entitled to have the opportunity of proving their case if they can. That ruling adjudicated no substantial rights and settled no legal issue. It was well within the bounds of the Court's discretion. The parties are still free to present every proper contention, including the argument based upon *Patton v. Pyle*, supra. This part of the order is therefore, not appealable even as an interlocutory order. See *Wagner v. Shanks*, Del., 194 A.2d 701.

■ With respect to the matter of setting aside the sale, we have a different situation. That part of the order clearly adjudicates substantial rights. No reasons for setting it aside are stated in any of the lower Court's opinions or in the order itself. The only argument made before us for sustaining this action is that it was a discretionary matter which is not appealable, as is said in 2 Woolley on Delaware Practice § 1108. We do not dispute the principle stated in that authority but we point out that a ruling of this nature is reviewable by this Court on the question of whether the lower Court has abused its discretion. Citations of authority are not needed on this point. An abuse of discretion is charged here and that charge must be upheld if the record does not show any legally acceptable reason as the basis for the order. We accordingly are duty bound to examine the record to see if there was some proper reason to justify this part of the order.

■ Our only source of information is in the appellees' original motions. The reasons advanced therefor fall

into two categories.[2]

The first group consists of two alleged defects in the sale proceedings. One of these is that the levy "was made on one description and the sale with another description." It is not suggested that the Sheriff did in fact sell a different property than the one levied upon. This objection is not ground for setting the sale aside. 2 Woolley on Delaware Practice § 1104. The other objection in this category is that the writ shows a sum due in excess of the amount which appellant itself claims is actually due. Obviously, this fact could not affect the validity of the sale, and has materiality only to the distribution of proceeds from it.

The other group of objections involves the validity of the judgment, the very question which has not yet been determined. Of course, if this question is ultimately resolved in appellees' favor, or if it is later decided that appellees owe nothing on the judgment, the sale will prove to be a nullity; on the other hand, if the judgment is found to be valid and there is a balance due upon it, the sale may be perfectly valid. In short, the validity of the sale depends basically upon the validity of the judgment. We think the only proper action in this situation is to stay the sale proceedings until final disposition of the attack upon the judgment.

We are accordingly unable to find any justification in the record for presently setting aside the sale. The order must accordingly be modified so as to eliminate the vacation of the sale and repayment to the purchaser of the deposit; it should be further modified so as to provide for a stay as herein indicated. As to the other points

---

[2]Appellant's motion to dismiss, being in the nature of a demurrer, admitted the truth of these allegations *only for purposes of the motion.*

raised herein, the appeal will be dismissed and the record remanded for further proceedings.