# 56IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| **LSF9 Master Participation Trust** | ) | |
| | ) | |
| **Plaintiff(s)** | ) | |
| | ) | |
| v. | ) | **C.A. No. S15L-12-002 MJB** |
| | ) | |
| | ) | |
| **Kevin J. McKinney, Sr. and** | ) | |
| **Michael D. Satchell** | ) | |
| **aka Michael Satchell** | ) | |
| | ) | |
| **Defendant(s)** | ) | |

**Submitted:** August 16, 2017
**Decided:** November 30, 2017

*Upon Defendant's Motion to Vacate Sheriff's Sale,* **DENIED.**

## OPINION

Daniel T. Conway, Esq., ORLANS PC, 512 East Market Street, Georgetown, Delaware 19947, Attorney for Plaintiff(s) LSF9 Master Participation Trust.

Kevin J. McKinney Sr., 1233 N. Andrews Ave., Fort Lauderdale, Florida 33311, *pro se*, and Michael D Satchell, 21117 Laguna Drive, Rehoboth Beach, Delaware 19971, *pro se*, Defendants.

**BRADY J.**

## PROCEDURAL BACKGROUND

On December 2, 2015, Plaintiff filed a residential foreclosure action against the Defendants, regarding the real property located at 21117 Laguna Drive, Rehoboth Beach, Delaware 19971 ("Property"). The Complaint alleged the Defendants failed to pay the monthly installments in accordance with the Mortgage. An Affidavit in Support of Amounts Due was attached to the Complaint, indicating that the total amount owed at the commencement of the foreclosure action, was $304,355.17. The action was initially filed as Mediation Eligible.[1] Initial Summons for service were returned as "non-est" by the Sussex County Sheriff. Service on the Defendants was perfected by posting the property and by certified mail, return receipt requested, to the Property and to Sawgrass Community Association through the property management company. The return receipt for the Property was signed on December 21, 2015 by an individual by the name of Cheryl DiFonzo. The receipt for the Sawgrass Community Association was signed on December 30, 2015. Plaintiff discovered the property was not occupied by the Defendants through Sheriff's Returns of the summons. Accordingly, on March 8, 2016, Plaintiff moved to have this case removed from the Automatic Residential Mortgage Foreclosure Mediation Program pursuant to Administrative Directive 2013-2, that a property must be owner occupied to be subject to the Mediation Program. Copies of Plaintiff's request were sent to the Property and to Defendants' address in Florida on March 3, 2016.[2] Plaintiff's request was approved on April 8, 2016. Defendant Michael Satchell filed notice in this Court that he had filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida.[3] On August 25, 2016, Defendant, Michael D. Satchell's Chapter 7 Bankruptcy matter

---

[1] The Property was later determined to be ineligible for mediation because it was not owner occupied.
[2] Certificate of Service attached to Request to Program Administrator to Remove Case from Automatic Residential Foreclosure Mediation Program, Docket 5 (Mar. 8, 2016).
[3] Following Defendant's filing in this Court, the action was placed on the Bankruptcy Dormant Docket.

was closed, and the foreclosure action resumed. On February 7, 2017, an entry of judgment by default was ordered by this Court as neither Defendant had filed an Answer to the Complaint.

On April 27, 2017, Plaintiff initiated the Sheriff's Sale process by filing a writ of *levari facias*. The Sussex County Sheriff exposed the Property to public auction on July 18, 2017. There were no third party bidders, and the Property reverted to Plaintiff for $332,912.00. On August 10, 2017, before the confirmation of sale which was scheduled for August 25, 2017, Defendants filed an "Answer to the Complaint," requesting the Court to set aside the Sheriff's Sale.

## PARTIES' CONTENTIONS

Defendants assert that the only correspondence that they received concerning this matter was the receipt of Notice to Lien Holders, Tenants Etc, filed on July 13, 2017, informing the parties of the Sheriff's Sale scheduled on July 18, 2017. Defendants claim they were "unaware of any allegations to this Plaintiff," and they have not received a Notice of Intent to Foreclose.[4] Defendants allege they were not aware of any Affidavit in Support of Amounts Due. Defendants claim that they entered into a "Relocation Incentive Program Agreement" with the servicing agent, Caliber Home Loans. Defendants state they are "aware that the Plaintiff(s) has many pending law suits, Class action suits, AG investigations, etc." Defendants request the Court to set aside the Sheriff's Sale.

Plaintiff contends that rules and regulations governing *scire facias* foreclosure actions were followed. The Service of Complaint was perfected by the Sheriff pursuant to Rule 4(f)(4),

---

[4] Defs.' Ans. To Allegations of the Compl. (August 10, 2017) (herein as "Defs' Ans.").

and the Defendants raised no allegations that would call into question the validity of the Sheriff's Sale.[5] Plaintiff requests the Court confirm the Sheriff's Sale.

## DISCUSSION

Delaware Superior Court Civil Rule 69(d) provides:

> Return of sheriff's sales of real estate shall be made on the third Monday of the month succeeding the date of the sale and applications to set aside such sales shall be made on or before the first Thursday succeeding said return date, and all such sales not objected to on or before the first Thursday, shall on the first Friday, be confirmed as a matter of course.[6]

In the event such sales are objected to, this Court's review of the Sheriff's Sale is limited to only examining whether the defaulting obligor has received just treatment in the execution process.[7] In determining whether to set aside the Sheriff's Sale, this Court considers whether there were defects in matters such as service of process, the advertisement of the sale, and description of property in the levy, and whether the price obtained was an "inadequacy of price sufficiently great to shock the sense of the Court."[8] This Court does not have "*de novo* power to set aside the sale for whatever reason the Court pleases."[9]

The Court has reviewed the record and finds no deficiencies in the execution process; no defects in the service of process, advertisement of sale, and description of the property; and no evidence that the price obtained for the property was so inadequate that shock the sense of the Court. This foreclosure action on Defendants' Property was commenced in December 2015. The record shows personal service was attempted, in accordance to Delaware Rules, more than

---

[5] Pl.'s Opp'n to Defs.' Req. to Vacate Sale, (August 16, 2017) (herein as "Pl's Resp.")
[6] Super. Ct. Civ. R. 69(d) (2017).
[7] *Matter of Spencer*, 115 B.R. 471, at 482 (D. Del. 1990).
[8] *Id.* (citing *Home Beneficial Life Ins. Co. v. Blue Rock Shopping Center, Inc.*, 379 A.2d 1147, 1149 (Del. Super. Ct. 1977); *McNatt v. Colesgrove*, 445 A.2d 336 (Del. 1981); *Atlas Subsidiaries of Delaware, Inc., v. Burns*, 202 A.2d 566 (Del. 1964); and *In re Downham Co.*, 165 A.152, 153 (Del. Super. Ct. 1932).
[9] *Id.*

once to no avail, and Service was ultimately perfected by posting on the property and sending certified mail, return receipt requested. [10] Defendants did not file an Answer to the Complaint. It is clear however, that Defendant Michael Satchell was aware the action was pending in this Court as he mailed to this Court a Notice of Chapter 7 Bankruptcy on May 3, 2016. The Court rejects Defendants' claim that they were unaware of the pending foreclosure action. The fact that Defendant Michael Satchell sent this Court a notice of his Bankruptcy case is proof that at least he was aware of this foreclosure action. However, neither Defendant chose to take action to defend the case until a Sheriff's Sale had already been conducted.

It appears Defendants attempt to make an argument that the mortgage company engaged in fraudulent practices, a matter outside the scope of this Court's review of a Sheriff's Sale. [11] Defendants have attached several articles inferring general claims of fraudulent conduct by the Plaintiff. Defendants make no particularized allegation that Plaintiff committed any misconduct in this mortgage transaction or foreclosure action. Defendants attached documents from Caliber Home Loans, and imply some impropriety by the Plaintiff based on the fact that Plaintiff's attorney was unaware of the fact that Defendants allegedly entered into a "Relocation Incentive Program Agreement." Defendants believed the Agreement either delayed or stayed the foreclosure action. However, the documents submitted by the Defendants indicate that their foreclosure action would not be delayed or stayed unless there is a ratified alternative agreement

---

[10] *See* Super. Ct. Civ. Pro. R. 4(f)(4).

[11] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, *5 (Del. Super. Ct. Mar. 4, 2013). The defenses to a mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. "Delaware courts recognize the defenses of payment, satisfaction or avoidance. 'A plea of avoidance must 'relate to the mortgage sued upon, i.e. the plea must relate to the validity or illegality of the mortgage documents.'' These include acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment and waiver." (citation omitted).

5

that would otherwise affect their mortgage obligations.[12]  No such agreement was provided by the Defendants.  The Court finds no legal basis to set aside the Sheriff's Sale.

## CONLUSION

For the aforementioned reasons, Defendant's Motion to Vacate Sheriff's Sale is **DENIED**.  Accordingly, the Sheriff's Sale is hereby **CONFIRMED**.

**IT IS SO ORDERED.**

_____
**M. Jane Brady**
Superior Court Judge

---

[12] Exihibits, Letter from Caliber Home Loans to Defendant Kevin McKinney, dated Nov. 16, 2016.

6