IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN R. ALBRIGHT,

    Plaintiff,

v.

                                C.A. No. S18C-11-020 RFS

ANNA M. HARRIS,

    Defendant.

## ORDER

Submitted: 10/30/2019
Decided: 12/9/2019

*Upon Defendant's Motion for Summary Judgment. Granted.*

John R. Albright, 28049 Washington Street Ext., Millsboro, DE 19966, *Pro Se* Plaintiff.

James S. Green, Sr., Esq. and Jared T. Green, Esq., 222 Delaware Avenue, Suite 1500, P.O. Box 68, Wilmington, DE 19899, Attorney for Defendant.

## I.  INTRODUCTION

Before the Court is Defendant Anna Harris's ("Defendant") Motion for Summary Judgment. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

## II. FACTUAL AND PROCEDURAL HISTORY

The underlying facts in this case are few and undisputed. John Albright ("Plaintiff") was named as the executor of Defendant's brother's, James Harris, Jr., estate. Defendant made multiple filings in the Court of Chancery related to the administration of her brother's estate.

1

These filings include the Exceptions to Inventory, filed on November 18, 2016, and an Amendment to the Exceptions to Inventory, filed on November 21, 2016. In those filings, Defendant accused Plaintiff of abusing and stealing from her brother.[1]

In November, 2018, Plaintiff filed a one count complaint against Defendant for defamation, accusing Defendant of knowingly making false accusations against Plaintiff.[2] Plaintiff claims that Defendant's statements have caused damage to Plaintiff's name and character.[3] The basis for the complaint are the filings made in the Court of Chancery.

Defendant has filed a Motion for Summary Judgment, claiming that Plaintiff has not suffered reputational harm and Defendant's statements are protected by absolute privilege. Plaintiff has not filed a response to Defendant's motion. This Court will decide the motion on the pleading filed.

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[4] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[5] When a moving party meets her initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[6]

---

[1] Defendant stated "…I Anna M. Harris, sister to James W. Harris Jr, would like it to be known that my brother was robbed, abused and ultimately murdered…Johnny Albright had been stealing from him all along…Also, he being Johnny Albright abused my brothers CC and money. He took his phone kept him drugged and beat him…" Def.'s Mot., Ex. C.

[2] Pl.'s Comp. at ¶ 3.

[3] *Id.* at ¶ 9.

[4] Super. Ct. Civ. R. 56(c).

[5] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[6] Super. Ct. Civ. R. 56(c).

## IV. DISCUSSION

Defendant raises two arguments in support of her motion: (1) Plaintiff has not suffered reputational harm and (2) Defendant's statements are protected by absolute privilege.

"Defamation generally is understood as a false publication calculated to bring one into disrepute. It includes the idea of calumny, aspersion by lying. The foundation of the action is that damage has resulted from a wrong done to reputation."[7] "A plaintiff alleging defamation must plead: '(1) a false and defamatory communication concerning the plaintiff, (2) publication of the communication to third parties, (3) understanding of the defamatory nature of the communication by the third party, (4) fault on the part of the publisher, and (5) injury to the plaintiff.'"[8] Defendant argues that Plaintiff fails to plead that the statements at issue are defamatory.

The foundation of a defamation action is that damage has resulted from a wrong done to reputation.[9] "[P]laintiff's standing in the community must be 'grievously fractured.' In other words, '[t]he plaintiffs' reputation in the entire community must be affected.'"[10] Defendant argues that Plaintiff has failed to show injury to his reputation because he stated that reputation was irrelevant and Plaintiff does not offer any evidence regarding damage to his reputation, thus the alleged defamatory statements did not cause reputational harm to the Plaintiff. In support of her argument, Defendant provided Plaintiff's Answers to Interrogatories and Requests for Production along with her motion.[11] In response to a request for production of documents related

---

[7] *Ward v. Blair*, 2013 WL 3816568, at *7 (Del. Super. Ct. July 16, 2013).
[8] *Images Hair Sols. Med. Ctr. v. Fox News Network, LLC*, 2013 WL 6917138, at *2 (Del. Super. Ct. Dec. 20, 2013) (citing *Bickling v. Kent Gen. Hosp., Inc.*, 872 F.Supp. 1299, 1307 (D.Del.1994)).
[9] *Walker v. Parson*, 2016 WL 3130093, at *2 (Del. Super. Ct. Apr. 21, 2016), *aff'd*, 151 A.3d 455 (Del. 2016).
[10] *Id.*
[11] Def.'s Mot., Ex. B.

to his reputation, Plaintiff responded with "reputation is irrelevant."[12] Plaintiff did not provide any evidence regarding damage to his reputation as a result of Defendant's statements. As such, Defendant argues that Plaintiff, believing reputation is irrelevant, does not believe that the statements made were defamatory, warranting summary judgment.

The foundation of a defamation action is that damage has resulted from a wrong done to reputation.[13] Defendant's summary judgment motion provides evidence supporting her allegations that Plaintiff has not suffered injury to his reputation, satisfying her summary judgment burden. Plaintiff did not respond to Defendant's motion. For this reason, Plaintiff has not satisfied his burden of demonstrating the existence of a material factual dispute.

Furthermore, a judicial privilege exists which bars Plaintiff's defamation claim. Defendant is entitled to summary judgment because the statements at issue are protected by absolute privilege. "The absolute privilege is a common law rule, long recognized in Delaware, that protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to a matter at issue in the case."[14] "The privilege is not narrowly confined to intra-courtroom events, but extends to all communications appurtenant thereto such as 'conversations between witnesses and counsel, the drafting of pleadings, and the taking of depositions or affidavits ex parte.'"[15] Furthermore, the

---

[12] Responding to a question of who would be testifying regarding Plaintiff's reputation, Plaintiff answered "No one, Plaintiff's reputation is irrelevant...." Def.'s Mot., Ex. B ¶ 11. *See Beck v. Greim*, 2019 WL 5420781, at *3 (Del. Super. Ct. Oct. 22, 2019) ("A third party is necessary to establish that the third party's opinion of the Plaintiff was changed in a negative way to meet the threshold of establishing a claim.").

[13] *Walker*, 2016 WL 3130093, at *2.

[14] *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992).

[15] *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. Ct. 1983) (quoting *Tatro v. Esham*, Del.Super., 335 A.2d 623 (1975)).

privilege extends to all communications relating to the litigation, including statements made with knowledge of their falsity.[16]

Defendant argues that her statements are privileged because they were made in the course of a judicial proceeding. Plaintiff was named the executor of Defendant's brother's estate. The statements at issue were made in two Court of Chancery filings related to the administration of Defendant's brother's estate. Thus, these filings were made in the course of a judicial proceeding.[17] In addition to being made in a judicial proceeding, the alleged defamatory statements must have been relevant to the subject matter of the suit to have absolute privilege.[18] "'Relevance' in this sense is not a legal term of art, but merely a showing that the utterance in question is reasonably germane to the pending action."[19] Here, the statements were relevant to the matter at issue because they were made to challenge the fitness of Plaintiff to serve as executor.[20]

Defendant has successfully shown that the statements were issued as part of a judicial proceeding and were relevant to a matter at issue in the case, making the statements privileged. "[L]iability does not attach to a purported defamatory statement if the statement is considered privileged."[21] Therefore, summary judgment is appropriate.[22]

---

[16] *Walker v. Parson*, 2016 WL 3130093, at *3.

[17] *See id.* ("Here, the alleged defamatory statements were made in a letter filed with Superior Court and in a brief filed with Chancery Court. They constitute statements made during judicial proceedings. Thus, the first element of the privilege is met.").

[18] *Hoover v. Van Stone*, 540 F. Supp. 1118, 1124 (D. Del. 1982).

[19] *Nix v. Sawyer*, 466 A.2d at 411 (Where the communication giving rise to the defamation claim was a Court of Chancery filing for a temporary restraining order, the court determined it was privileged.).

[20] Def.'s Mot. ¶ 8.

[21] *Williams v. Howe*, 2004 WL 2828058, at *4 (Del. Super. Ct. May 3, 2004).

[22] *See id.* ("[T]he protection afforded by the privilege is absolute; so long as the statement is pertinent to, and made in the course of, a judicial proceeding, even a showing of malice will not divest the statement of its immune status.").

## V. CONCLUSION

Defendant has successfully shown that she is entitled to judgment as a matter of law. Plaintiff has failed to satisfy his summary judgment burden because he did not respond to Defendant's motion. Hence, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

FILED PROTHONOTARY SUSSEX COUNTY 2019 DEC -9 P 1:37