# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KEVIN COOK & NICHOLE COOK | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) C.A. No: S20C-09-002 CAK |
| | ) |
| DEEP HOLE CREEK ASSOCIATES, a | ) |
| Delaware partnership, DEEP HOLE | ) |
| CREEK ASSOCIATES, INC., a Delaware | ) |
| corporation, LAURENCE L. BURKE and | ) |
| SUZANNE T. WATKINS, Co-Trustees | ) |
| of the LAYTON FAMILY TRUST, | ) |
| | ) |
| Defendants. | ) |

Submitted: April 9, 2021
Decided: April 21, 2021

***Defendants' Motion to Dismiss***

**GRANTED**

## MEMORANDUM OPINION AND ORDER

John W. Paradee, Esquire, Stephen A. Spence, Esquire, and Brian V. DeMott, Esquire, Baird Mandalas Brockstedt, LLC, 6 South State Street Dover, Delaware 19901 (302) 677-0061, Attorneys for Defendants.

John A. Sergovic, Jr., Esquire, Sergovic Carmean Weidman McCartney & Owens, P.A., 25 Chestnut Street, P.O. Box 751, Georgetown, Delaware 19947, Attorney for Plaintiffs.

**KARSNITZ, J.**

This case illustrates that, with respect to a dispute over title to a parcel of real property, the way in which the dispute is framed, and the appropriate forum for the resolution of that dispute, are as important as the merits of the dispute. Here, the vehicle the Plaintiffs chose – the tort of Slander of Title – is subject to a defense of absolute privilege under Delaware law. The other vehicles Plaintiffs chose – an action for Ejectment and an action for a Declaratory Judgment to quiet title, both based in part on extrinsic evidence – can only be heard in the Court of Chancery, not this Court. Similarly, Defendants' Counterclaim, an action to quiet title based on extrinsic evidence, can only be heard in the Court of Chancery. I am therefore granting Defendants' Motion to Dismiss Plaintiffs' Slander of Title claim under Delaware Superior Court Civil Rule 12(b)(6) (failure to state a claim) and I am dismissing Plaintiffs' Ejectment and Declaratory Judgment claims under Delaware Superior Court Civil Rule 12(b)(1) (lack of subject matter jurisdiction). I am also dismissing Defendants' Quiet Title Counterclaim under Delaware Superior Court Civil Rule 12(b)(1) (lack of subject matter jurisdiction).

## FACTS

Plaintiffs are the owners of 2851 Bayshore Drive, Milton, Sussex County, Delaware 19968 (the "Property") on which they wish to construct a pier and dock. To do this, Plaintiffs were required to submit an application (the "Application") to the

1

Delaware Department of Natural Resources and Environmental Control ("DNREC").[1] The Regulations require a property owner seeking to construct a pier or dock to obtain approval and a permit from DNREC.[2] The Regulations require the applicant to submit proof of ownership of the property where the pier or dock will be installed.[3] On December 10, 2019, Plaintiffs submitted an Application to DNREC to build a pier and a dock on a portion of the Property.

DNREC followed the process by which it considers an Application for a construction permit for a pier or dock.[4] It publicized the Application and, for a period of 20 days after the advertisement is posted, the public could file written objections to the Application. DNREC must hold a public hearing if it receives a timely written comment objecting to an application that "exhibits a familiarity with the application and a reasoned statement of the proposed project's probable impact."[5]

On February 5, 2020, Defendants, through their then counsel, submitted a letter (the "Letter") to DNREC objecting to Plaintiffs' DNREC application. The Letter informed DNREC that Defendants opposed Plaintiffs' pier and dock application due to an allegedly false claim of ownership to part of the Property. The Letter triggered the requirement that DNREC hold a public hearing.[6] The Letter

---

[1] 7 *Del. Reg.* §§ 7502-1.0, *et seq.* ("*Regs.*").
[2] *Regs.* §§ 7502-6.0, 8.0.
[3] *Regs.* § 8.3.4.4.
[4] *Regs.* § 11.2.
[5] *Id.*
[6] *Id.* No public hearing was in fact held; see discussion, *post.*

2

stated that: (1) Defendants' rights would be adversely affected if the Application was granted and a permit issued; (2) Defendants opposed the Application; (3) Defendants' opposition is related to the ownership of the real property subject to the Application; and (4) there are several reasons why there is an ownership dispute.

## PROCEDURAL HISTORY

On September 1, 2020, Plaintiffs filed a Complaint against Defendants asserting two claims: Count I, for Slander of Title; and Count II, an alternative claim for a Declaratory Judgment to quiet title to the Property. On October 15, 2020, Defendants filed their Motion to Dismiss Count I of the Complaint for Failure to State a Claim under Delaware Rule of Civil Procedure 12(b)(6) and Count II of the Complaint for Lack of Subject Matter Jurisdiction under Delaware Rule of Civil Procedure 12(b)(1) (the "Motion to Dismiss"). On November 12, 2020, Plaintiffs filed their Response to the Motion to Dismiss and the next day filed a Motion to Amend the Complaint. Without opposition from Defendants, on December 10, 2020, Plaintiffs filed their Amended Complaint which added Count II for Ejectment under 10 *Del. C.* §6701. On December 18, 2020 I held oral argument on the Motion to Dismiss. I subsequently allowed counsel to supplement, in letter form, their arguments on whether DNREC review constitutes a "quasi-judicial proceeding" with respect to the Slander of Title Count, which counsel filed on January 15, 2021 and January 29, 2021. On March 18, 2021, I ordered Defendants to file their Answer to Amended Complaint and

3

Counterclaim to Quiet Title (the "Answer and Counterclaim") before I ruled on their Motion to Dismiss. On April 9, 2021, Defendants filed their Answer and Counterclaim. In the Answer and Counterclaim, Defendants, as Counterclaim Plaintiffs, petitioned me to quiet title to the property by entering a declaratory judgment that Defendants are the rightful owns of the Property.

## COUNT I – SLANDER OF TITLE

Plaintiffs' Slander of Title claim, Count I, alleges that the Letter contained false statements. Plaintiffs allege that the Letter's description of the chain of title and Defendants' claim of ownership over the disputed property are false. Defendants move to dismiss Count I of the Complaint for Failure to State a Claim under Delaware Rule of Civil Procedure 12(b)(6).

### Standard of Review

On a motion to dismiss under Rule 12(b)(6), all well-pled allegations are assumed to be true and all inferences are drawn in favor of the nonmovant.[7] The Court will dismiss the case if the plaintiff cannot prevail on any set of facts that can be inferred from the Complaint.[8] The Court may consider integral documents and those incorporated into the complaint.[9] On a motion to dismiss under Rule 12(b)(1), "[s]ubject matter jurisdiction is determined from the face of the complaint..., with all

---

[7] *Solomon v. Pathe Commc'n Corp.*, 672 A.2d 35, 38 (Del. 1996).
[8] *Id.*
[9] *Cont'l Fin. Co., LLC v. T.D. Bank, N.A.*, 2018 WL 565305, *1 (Del. Super. Jan. 24, 2018).

4

material factual allegations assumed to be true," and the Court examines the nature of the relief sought.[10]

## Analysis

Slander of Title requires a plaintiff "to establish that the defendant maliciously published a false matter concerning the title of property which caused the plaintiff special damages."[11] "[A]ffirmative defenses to a *prima facie* case exist for statements made in certain contexts where there is a particular public interest in unchilled freedom of expression."[12] "One such defense is the absolute privilege," which "protects from actions for defamation statements … offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to the matter at issue in the case."[13] "The privilege is not narrowly confined to intra-courtroom events, but extends to all communications appurtenant thereto such as 'conversations between witnesses and counsel, the drafting of pleadings, and the taking of depositions or affidavits *ex parte*.'"[14] Delaware law defines "judicial proceeding" as embracing "any hearing before a tribunal performing a judicial function."[15] A proceeding before an administrative board may qualify for purposes of the absolute privilege if the

---

[10] *Prestancia Mgmt. v. Va. Heritage Found. LLC*, 2005 WL 1364616, *3 (Del. Ch. May 27, 2005).
[11] *Toelle v. Greenpoint Mortgage Funding*, 2015 WL 5158276, *6 (Del. Super. April 20, 2015).
[12] *Barker v. Huang*, 610 A.2d 1341, 1344 (Del. 1992).
[13] *Id.*
[14] *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983).
[15] *Id.*

5

proceeding "afford[s] substantive fairness through regular and orderly procedure...."[16] Several factors are used in making this determination, including: "formal requirements of hearing and notice; compulsory attendance and discovery processes; authority to take sworn testimony and punish perjury; and, review through appeal procedures."[17]

### Quasi-Judicial Proceeding

I asked the parties to address the issue of whether the DNREC proceeding applicable in this case constitutes a quasi-judicial proceeding. Plaintiffs argue that it does not, for two reasons.

First, Plaintiffs contend that the power and authority to conduct a judicial or quasi-judicial proceeding has never been delegated to the Secretary of DNREC (the "Secretary"). In my view, however, the Secretary derives such power and authority from two chapters in the Delaware Code: Chapter 80 of Title 29 and Chapter 60 of Title 7. Likewise, the Delaware Code empowers the Secretary to adopt regulations for procedures to govern the processing of wetland permit applications and related hearings under 7 *Del. C.* §6607(d), which the Secretary has done by adopting 7 *Del. Admin C.* §7502. Under both 7 *Del. C.* §6006 and 7 *Del. Admin C.* §7502, the Secretary has the power to conduct quasi-judicial

---

[16] *See Tatro v. Esham*, 335 A.2d 623, 626 (Del. Super. 1975).
[17] *Id.*

6

proceedings.

Second, after a thorough review of the legislative history of the DNREC statutes and regulations, Plaintiffs contend that proceedings before the Secretary under 7 *Del. C.* §6006 are not quasi-judicial because they are not expressly *labeled* as "quasi-judicial." As support, Plaintiffs cite 7 *Del. C.* §6007(a) and (b), which create the Environmental Appeals Board ("EAB") and categorize it as a "quasi-judicial review board." From this, Plaintiffs draw a negative inference and argue that the Secretary, unlike the EAB, cannot be considered to act in a quasi-judicial capacity. However, Plaintiffs cite no authority requiring a statutory label of an agency's quasi-judicial authority for an agency's proceeding to meet the legal analysis of quasi-judicial authority. I find no basis for this twist of statutory interpretation. In my view, the issue is not whether the legislature expressly labels a public hearing proceeding "quasi-judicial," but rather whether the public hearing proceeding created by the legislature in fact satisfies the legal analysis of a quasi-judicial proceeding.

Applying the Delaware legal analysis discussed above for a quasi-judicial proceeding, in my view Chapter 60 and the specific wetland regulations set forth a detailed permit application process which clearly qualifies as a quasi-judicial proceeding. The Regulations establish that the public hearing, and the process leading

up to it, is quasi-judicial in nature.[18] Under the Regulations, the public hearing has a notice requirement;[19] attendance is mandatory and DNREC hears evidence and testimony when considering an application and objection;[20] DNREC "administers oaths" to take sworn testimony;[21] and, an aggrieved party has a right to appeal.[22] I find that the DNREC proceeding is a quasi-judicial proceeding under Delaware law.

### Absolute Privilege

Having been presented in a quasi-judicial proceeding, the question remains whether the Letter is absolutely privileged. I believe that it is, for two reasons. First, the Letter is a "pleading" in the judicial proceeding established by the Regulations and is thus protected. The Letter shows that Defendants are familiar with the Application and contains a reasoned statement explaining why DNREC, a quasi-judicial body, should deny the Application. It is a necessary document to start further proceedings before DNREC.[23] The Complaint alleges that DNREC did not act on the Application because no public hearing was in fact held. Indeed, in the Letter, Defendants requested that DNREC not hold a public hearing on the Application due to the dispute over ownership of the Property. But whether a public hearing was in fact held does not affect the centrality of the Letter to the quasi-judicial proceeding. The

---

[18] *Regs.* § 11.4.
[19] *Regs.* §§ 11.4.1, 11.4.2.
[20] *Regs.* §§ 11.4.3, 11.4.4.
[21] *Regs.* § 11.4.3.
[22] *Regs.* §§ 16.1, 16.2.
[23] *Regs.* §§ 11.2, 11.4.

8

Letter is akin to a civil complaint filed with this Court, in that it must be submitted to start the quasi-judicial proceeding and is the vehicle by which Defendants lodged their objections to Plaintiffs' request. By analogy, statements made in a complaint filed with this Court are protected regardless of whether a trial in fact occurs.

Second, the alleged defamatory statements were relevant to the matter at issue in the Application because the Letter directly addresses Plaintiffs' right to construct the pier and dock and disputes Plaintiffs' ownership of the Property.[24]

Therefore, Defendants' allegedly defamatory statements in the Letter are protected as privileged, and as a result it is appropriate to grant Defendants' Motion to Dismiss Plaintiffs' Count I for Slander of Title claim under Delaware Superior Court Civil Rule 12(b)(6) (failure to state a claim).

## COUNT II – EJECTMENT

In their Response to the Motion to Dismiss, Plaintiffs argued that ejectment is an action at law over which I have subject matter jurisdiction under Delaware Rule of Civil Procedure 12(b)(1): "[b]y claiming ownership of the property at issue, Defendants have alleged title and possession ousting the Plaintiffs from the ability to enjoy the use of their own property."[25] Plaintiffs subsequently amended their Complaint to add Count II, an Ejectment claim sounding in law. Defendants did not object to Plaintiffs' Motion to Amend the Complaint and conceded that their Motion

---

[24] *Regs.* § 8.3.4.4.
[25] Response at ¶18, citing *Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004).

9

to Dismiss had been impacted by the Amended Complaint, since Ejectment is a legal claim over which I have jurisdiction.[26] However, Defendants gave me early warning that, following my ruling on their Motion to Dismiss, they would file an Answer and Counterclaim against Plaintiffs. When I required Defendants to file their Answer and Counterclaim before I ruled on the Motion to Dismiss, they did so. In their Answer and Counterclaim, Defendants, as Counterclaim Plaintiffs, petitioned me to quiet title to the Property by entering a declaratory judgment that Defendants are the rightful owners of the Property. In the Answer and Counterclaim, Defendants alleged facts which would require me to review facts and other matters outside the deed to the Property and the property records. Defendants argue, therefore, that I lack subject matter jurisdiction over Count II of the Amended Complaint (Ejectment) and the Counterclaim.[27]

I agree. Because the examination of extrinsic evidence is necessary to determine both Plaintiffs' and Defendants' claims of ownership, the Court of Chancery has exclusive jurisdiction over Plaintiffs' Count II for Ejectment and Defendants' Counterclaim to quiet title (see discussion of Count III, below). As a result, I lack subject matter jurisdiction under Delaware Rule of Civil Procedure 12(b)(1) over Plaintiffs' Count II and Defendants' Counterclaim, and I dismiss both.

---

[26] *Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004).
[27] *Heathergreen Commons Condominium Ass'n v. Paul*, 503 A.2d 636, 643-44 (Del. Ch. 1985).

10

## COUNT III – DECLARATORY JUDGMENT

Plaintiffs' Count III asks me to issue a Declaratory Judgment determining the title to the Property under 10 *Del. C.* §6501, which provides:

> Except where the Constitution of this State provides otherwise, courts of record within their respective jurisdictions shall have power to declare rights, status or other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a Declaratory Judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force and effect of a final judgment or decree

In their Response to Defendants' Motion to Dismiss, Plaintiffs argue that, if I hear the Slander of Title allegation under Count I and the Ejectment allegation under Count II, then I may assume subject matter jurisdiction over Count III in order to avoid a multiplicity of suits and make a determination as to ownership to the Property.[28]

Defendants counter that I lack subject matter jurisdiction under Delaware Rule of Civil Procedure 12(b)(1) and must dismiss Count III. I agree. "It is settled . . . that the Court of Chancery has subject matter jurisdiction over those quiet title actions where the alleged cloud [upon title] may be cleared only by the examination of extrinsic evidence."[29] Put differently, when the deed to the disputed property is valid on its face, the Court of Chancery has exclusive jurisdiction to question its

---

[28] Response at ¶17.

[29] *Cedar Lane Farms, Inc. v. Taylor*, 1992 WL 111210, *2 (Del. Ch. May 18, 1992). "A cloud upon title has been defined as a title or encumbrance, apparently valid on its face, but which is in fact invalid. It is something which, nothing else being shown, constitutes an encumbrance upon or a defect in title." *State v. Williams*, 1981 WL 96487, *1 (Del. Ch. June 8, 1981).

conclusiveness.[30]

Plaintiffs trace the chain of title to the Property by reference to several recorded deeds.[31] Critically, however, the Complaint also discusses or attaches extrinsic evidence outside the chain of title that casts doubt on whether Plaintiffs own the disputed property, such as the Letter, a report from a "Ms. Maurmeyer," and a conversation between one of the Defendants and Plaintiffs about the boundary lines of their properties.[32] Moreover, as discussed above, in their Answer and Counterclaim, Defendants allege a plethora of facts which would require me to review matters outside the deed to the Property and the property records. Because the examination of extrinsic evidence is necessary to determine both Plaintiffs' and Defendants' claims of ownership, the Court of Chancery has exclusive jurisdiction over both Plaintiffs' Count III for Declaratory Judgment seeking to quiet title and Defendants' Counterclaim. As a result, I lack subject matter jurisdiction under Delaware Rule of Civil Procedure 12(b)(1) over Count III of the Complaint and Defendants' Counterclaim, and I dismiss both.

Defendants request that I either transfer this entire matter to the Court of Chancery or that I be cross-designated as a Vice-Chancellor[33] to consider Plaintiffs' equitable Claims and Defendants' equitable Counterclaim. I decline such cross-

---

[30] *Williams*, 1981 WL 96487 at *1; *Wilkes v. State*, 265 A.2d 421, 423-24 (Del. 1970).
[31] Compl. ¶¶9-13.
[32] *Id.* ¶18.
[33] Pursuant to Del. Const., Art. IV, §13.

12

designation.

Therefore, for the reasons stated above:

I **GRANT** Defendants' Motion to Dismiss Plaintiffs' Count I, Slander of Title, for failure to state a claim, with prejudice under Superior Court Civil Rule 12(b)(6); and,

I **DISMISS** Plaintiffs' Count II, request to issue an Order of Ejectment pursuant to 10 *Del. C.* §6701 for lack of subject matter jurisdiction, without prejudice under Superior Court Civil Rule 12(b)(1), unless Plaintiffs elect to transfer that claim to the Court of Chancery within sixty (60) days after this Order pursuant to 10 *Del. Code* §1902;

I **GRANT** Defendants' Motion to Dismiss Plaintiffs' Count III, request for a Declaratory Judgment pursuant to 10 *Del. C.* §6501, for lack of subject matter jurisdiction, without prejudice under Superior Court Civil Rule 12(b)(1), unless Plaintiffs elect to transfer that claim to the Court of Chancery within sixty (60) days after this Order pursuant to 10 *Del. Code* §1902; and,

I **DISMISS** Defendants' Counterclaim to quiet title to the Property by entering a declaratory judgment that Defendants are the rightful owners of the Property, for lack of subject matter jurisdiction, without prejudice under Superior Court Civil Rule 12(b)(1), unless Defendants elect to transfer that claim to the Court of Chancery within sixty (60) days after this Order pursuant to 10 *Del. Code* §1902.

13

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc: Prothonotary

14